ROBERT DIBENEDETTO ET AL. *v.* COMMISSIONER OF MOTOR VEHICLES

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, JS.

Argued April 8—decision released June 17, 1975

*Roger J. Frechette,* for the appellant (named plaintiff).

*John F. Gill,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (defendant).

HOUSE, C. J.  After a hearing, the defendant, commissioner of motor vehicles, notified the named plaintiff, Robert DiBenedetto, hereinafter the plaintiff, that his motor vehicle operator's license would be suspended for a period of one year.  The suspension followed a finding and conclusion of a motor vehicle department adjudicator that the plaintiff caused or contributed to the death of Peter Jauernig which resulted from his negligence and carelessness in that he failed to keep a proper lookout for pedestrians of whose presence he was aware.  See General Statutes §§ 14-1 (8), 14-4a, 14-111 (c).  Pursuant to § 4-183 of the General Statutes (a part of the Uniform Administrative Procedure Act), the plaintiff, by way of petition, sought in the Court of Common Pleas a judicial review of the defendant's decision.  The court dismissed the plaintiff's appeal and from that judgment the plaintiff appealed to this court.

The sole issue raised on the petition for review to the Court of Common Pleas and on the appeal to this court is whether the evidence presented at the hearing supports the conclusion that the plaintiff failed to keep a proper lookout and that this

failure constituted negligence and carelessness which caused or contributed to the death of Peter Jauernig.

It is not the function of this court nor was it the function of the Court of Common Pleas to retry the case or substitute our or its judgment for that of the defendant. *Balch Pontiac-Buick, Inc.* v. *Commissioner of Motor Vehicles,* 165 Conn. 559, 563, 345 A.2d 520; see General Statutes § 4-183 (g). "The commissioner's function is that of an administrative agency, although he acts in a quasi-judicial capacity. To render a decision, he must weigh evidence and reach conclusions. See *Dan M. Creed, Inc.* v. *Tynan,* 151 Conn. 677, 679, 202 A.2d 239; *Brookledge, Inc.* v. *Public Utilities Commission,* 145 Conn. 617, 619, 145 A.2d 590; *Conley* v. *Board of Education,* . . . [143 Conn. 488, 492, 123 A.2d 747]; *Adam* v. *Connecticut Medical Examining Board,* 137 Conn. 535, 537, 79 A.2d 350." *Balch Pontiac-Buick, Inc.* v. *Commissioner of Motor Vehicles,* supra. The conclusion reached by the defendant must be upheld if it is legally supported by the evidence. *Demma* v. *Commissioner of Motor Vehicles,* 165 Conn. 15, 17, 327 A.2d 569; *Conley* v. *Board of Education,* 143 Conn. 488, 492, 123 A.2d 747; see *Jaffe* v. *State Department of Health,* 135 Conn. 339, 353, 64 A.2d 330. The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence printed in the appendices to the briefs which reasonably supports the decision of the commissioner, we cannot disturb the conclusion reached by him. *Hart Twin Volvo Corporation* v. *Commissioner of Motor Vehicles,* 165 Conn. 42, 49, 327 A.2d 588.

The evidence included in the appendices to the briefs supports a finding of the following facts: On February 7, 1973, at approximately 8:25 p.m., the plaintiff was operating a motor vehicle in a westerly direction on route 80 in the town of North Branford. Accompanying him as a passenger was a friend, Regina Southerton. Route 80 runs in an east-west direction and has two traffic lanes, one running in each direction. Each traffic lane is about ten feet wide and there are paved shoulders five feet wide on both sides. A white line separates the traffic lane from the shoulder. The highway is straight and level, fairly well illuminated and with a posted speed limit of forty-five miles per hour. On the date of the accident, the weather was clear and the roadway dry.

At approximately the same time and place, Peter Jauernig was walking in a westerly direction on the shoulder of route 80. He was accompanied by four other persons who were walking with him. As the group reached a point across from Doody's Totoket Inn on route 80, Jauernig was about ten to fourteen inches north of the northerly edge of the vehicular-traveled portion of the highway. As the plaintiff was proceeding toward Jauernig and his companions, Regina Southerton, the passenger in the plaintiff's motor vehicle, shouted to him, "Look at the kids" or "Look out for the kids." Regina Southerton first saw Jauernig and his companions when the plaintiff's automobile was about thirty feet away from them. The plaintiff then slowed down to forty miles per hour, swerved his vehicle to the left and heard a loud bang.

An examination of the motor vehicle operated by the plaintiff disclosed that Peter Jauernig was

struck by the right front fender of the car. His body was knocked into the air and thrown a distance of forty to sixty-five feet and came to rest partially on the grass adjacent to the shoulder of the highway and partially on the shoulder. The plaintiff did not apply his brakes before or immediately after he struck Jauernig. There were no tire or skid marks on the highway at the point of impact. After striking Jauernig, the plaintiff continued on for approximately 115 to 150 feet. At the time of the accident, neither Jauernig nor his companions were involved in horseplay, and at no time were any of them off the shoulder of the road. The brakes and tires on the plaintiff's automobile were in excellent condition. All lights on the vehicle were operational and the headlights were on at the time of the accident. Peter Jauernig died as a result of the injuries sustained in the accident.

From the foregoing, which is only a portion of the evidence presented at the hearing and printed in the appendices, the defendant could reasonably conclude that the plaintiff did cause or contribute to the death of Peter Jauernig and that it did result from the plaintiff's negligence and carelessness in that he failed to keep a proper lookout for pedestrians of whose presence he was aware.

There is no error.

In this opinion the other judges concurred.