[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter the plaintiff appeals from an order of Hearing Officer William Grady acting on behalf of the Commissioner of Motor Vehicles pursuant to 4-176e Connecticut General Statutes. The Agency proceeding is provided for under 14-227b, Implied Consent to Test, Connecticut General Statutes, which sets, inter ali, the procedures to be followed by the Commissioner of Motor Vehicles leading to the suspension of an operator's license who, upon being arrested for operating a motor vehicle while under the influence of intoxicating liquor, refuses to submit to a chemical analysis of his blood, breath or urine. The Hearing Officer conducted the hearing at which plaintiff was represented by counsel, pursuant to 14-227b(f), with the issues limited to a determination of four questions as provided therein:
 (1) Did the police officer have probable cause to arrest the plaintiff for operating a motor vehicle while under the influence of intoxicating liquor;
(2) Was this person placed under arrest;
 (3) Did such person refuse to submit to such test; and
(4) Was such person operating this motor vehicle.
Hearing Officer Grady issued his decision January 30, 1991 (Record Item b), answering in the affirmative all four questions and ordered a suspension of the plaintiff's license to operate a motor vehicle for six months. CT Page 7127
It is from this decision and order that the plaintiff appeals, claiming at oral argument that his appeal should be sustained on the grounds that:
The Hearing Officer's finding that the Appellant refused to submit to the test for the presence of alcohol was clearly erroneous in view of the reliable probative and substantive evidence on the whole record.
Counsel for the Appellant abandoned the several other grounds claimed in the petition and claims only that because of the Appellant's injuries allegedly sustained in the accident which precipitated his arrest on the charge of operating under the influence, he was unable to make a conscious decision to submit to a chemical test and accordingly cannot be found to have refused the test when offered it by the arresting officers.
It should be recognized at the outset that the function of the court in reviewing proceedings, conducted under the provisions of the Uniform Administrative Procedures Act, Chapter 54, Connecticut General Statutes, is limited as set out in 4-183 (j). The court may not substitute its judgment for that of the Agency and if there is support for the Agency's conclusions from facts appearing in the record, the conclusions must stand. Madow v. Muzio, 176 Conn. 374, 376.
The record in this case, insofar as it is relevant to the issue presented, consists of the Officer's DWI Arrest and Alcohol Test Refusal or Failure Report (Record Item 5) and Transcript (Record Item 4). The test report is, of course, competent evidence for the consideration of the Hearing Officer without the necessity of producing the arresting officer. Volk v. Muzio,204 Conn. 507, 518.
This report indicates that Appellant had been involved in an accident on December 31, 1990 at about 5:40 P.M. on a public highway in Branford. A witness observed erratic operating and upon arrival at the scene, the Appellant said that he was the operator of his vehicle and that he had run into another car. The report further relates that the Appellant had become involved in a struggle with the crowd at the scene of the accident: that he could not speak clearly; that he appeared intoxicated; that he appeared to have wet his pants: that he responded to officers' inquiries with an obscenity; that he had a strong odor of alcohol on his breath.
He did claim he was injured but refused to describe his injuries or whether he was ill. He declined to participate in some of the usual tests for coordination, etc. as set out in the CT Page 7128 Refusal Report, but performed others.
The transcript of the Hearing (Record Item 4) contains the Appellant's testimony wherein, on page 7, he states his head went into the windshield, his chin went into the steering column and he sustained a laceration and injury to two teeth. When asked if he sustained a head injury by his counsel, his response was "I believe I did. I was very dazed and disoriented after the accident." He then testified that the police never asked him to do any tests for coordination or submit to any chemical test. This claim is contrary to the contents of the Refusal Form (Record Item 5) where it is noted he did perform some tests and refused others.
This then represents some of the evidence in the record as bearing on the Hearing Officer's determination and finding that the Appellant refused to submit to the test and accordingly ordered the suspension of the Appellant's operator's license for the prescribed period.
The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency and if there is evidence which reasonably supports the decision of the Commissioner, the court cannot disturb the conclusion reached by him. DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587, 589.
From the record presented, this court cannot conclude that the Hearing Officer lacked any basis for finding that there was a refusal on the part of the Appellant to submit to the test or that such refusal by the Appellant was not the result of his considered election to decline to submit to the test or that the test was in fact offered to him.
As to the claim that the Appellant was not able because of his injuries to make a conscious election, the case of Buckley v. Muzio, 200 Conn. 1, 7, appears to hold that this is not a prerequisite to a valid suspension. "A chemical testing for purposes of an administrative sanction need not be knowing and intelligent."
For these reasons, the appeal is dismissed.
George W. Ripley, Judge