[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal brought by the conservatrix of the estate of Helen Danielson. In this appeal the plaintiff challenges the denial by the defendant, the Connecticut Department of Income Maintenance, of Mrs. Danielson's application for Title XIX benefits to pay for the cost of her care and maintenance in a long term health care facility. The plaintiff alleges that the defendant improperly considered as an available asset an inter vivos spendthrift trust created by plaintiff's husband in which the plaintiff is a named beneficiary. At the time of Mrs. Danielson's application the trust was valued at approximately $400,000.
The facts are not disputed by the parties. On April 26, 1989, Helen C. Danielson and her husband Raymond, who are residents of the Lutheran Home of Middletown, were awarded Old Age Benefits by the Department of Income Maintenance (hereinafter "DIM"). In October, 1989, Mrs. Danielson, who was then 84 years old, was transferred to the long term medical and nursing section of the Home. Since Old Age Assistance does not, under the defendant's regulations, cover the expenses of long term care, Mrs. Danielson applied for Title XIX, the joint federal-state program that pays for the costs related to the medical care and treatment of elderly persons. Under applicable federal and state rules a married person such as the applicant is not eligible for Title XIX if she has resources in excess of $2400. The defendant denied Mrs. Danielson's application for Title XIX benefits based on the existence of an irrevocable spendthrift trust created by Mr. Danielson for the benefit of his wife and other family members. At the time of its creation the value of the trust was $397,000.
After her application was denied the plaintiff applied for and was granted a fair hearing pursuant to Conn. Gen. Stats. 17-2a and 2b. The hearing officer sustained the agency decision, ruling that as a beneficiary of the trust created by her husband, Mrs. Danielson in fact had assets available to her which rendered her ineligible for Title XIX. In particular the hearing officer concluded that under applicable federal and state law, even though the trust vested the trustees with complete discretion as to whether or not they may disburse funds to the plaintiff, the value of the trust is to be considered an asset available to the plaintiff.
Plaintiff appeals from the decision of the hearing officer[1], contending that while federal and state law may deem the proceeds of the trust available to Mrs. Danielson, in fact those proceeds are not actually available because the trustees CT Page 10369 have exercised their discretion not to make any monies available to her.
 I
The scope of review under the Uniform Administrative Procedure Act, Conn. Gen. Stat. 4-165 et. seq. is limited. Neri v. Powers, 3 Conn. App. 531, 537 (1984), citing Lawrence v. Kozlowski, 171 Conn. 705, 707 (1976). "The function of the court [is] to determine from the record before it, without substituting its own discretion, whether the [administrative agency] acted illegally or in abuse of its powers." Connecticut Television, Inc. v. Public Utilities Commission,159 Conn. 317, 324-5 (1970). An aggrieved party is entitled "only [to] a review of the proceedings before the [agency] to determine whether the action appealed from was legal." Id. at 329; Neri v. Powers, supra. On appeal, the court may not "`retry the case or substitute its judgment for that of the defendant.'" C H Enterprises, Inc. v. Comm'r. of Motor Vehicles, 176 Conn. 11, 112, 404, A.2d 864 (1978); DiBenedetto v. Commr. of Motor Vehicles, 168 Conn. 587, 589, 362 A.2d 840
(1975); see General Statutes 4-183(g). "The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." New Haven v. Freedom of Information Commission, 205 Conn. 767, 773 (1988).
In 1965, Congress enacted Title XIX of the Social Security Act (42 U.S.C.S 1396 et seq. (1982) also known as the Medicaid Act. This act established a program by which the Federal government reimburses States participating in the program for a portion of the costs incurred by those states in providing certain medical services to needy individuals. See Schweiker v. Gray Panthers, 453 U.S. 34, 101 S.Ct. 2633,69 L.Ed.2d 460, (1981). In order to participate in the Medicaid program a state must develop and then file with the Secretary of Health and Human Services a plan which complies with requirements imposed both by the Medicaid Act and by the Secretary. Each state must designate a single agency to administer or supervise the administration of its Medicaid plan. Connecticut has elected to participate in the Medicaid program. See, C.G.S. 17-134 et. seq.
The Medicaid program has traditionally provided medical assistance for two categories of recipients, the "categorically needy" and the "medically needy." Winter v. Miller, 676 F.2d 276
(7th Cir. 1982). The categorically needy are those individuals who are eligible to receive cash assistance under one of the general welfare programs, either the Aid to Families with Dependent Children program (AFDC) or the Supplemental CT Page 10370 Security Income for the Aged, Blind or Disabled Program (SSI). Id. at 277. The medically needy are persons who lack the ability to pay for medical services but who are ineligible for cash assistance under AFDC or SSI because their income or resources exceed the eligibility standards for those programs.
Plaintiff applied for Title XIX as a medically needy person. Her application was denied on the basis that she was the beneficiary of what is described under federal law as a Medicaid Qualifying Trust, the value of which must be considered when determining the eligibility of a Title XIX applicant.
42 U.S.C. § 1396a(k) describes a Medicaid Qualifying Trust as follows:
 (2) For purposes of this subsection, a "Medicaid Qualifying Trust" is a trust, or similar legal device, established (other than by will) by an individual (or an individual's spouse) under which the individual may be the beneficiary of all or part of the payments from the trust and the distribution of such payments is determined by one or more trustees who are permitted to exercise any discretion with respect to the distribution to the individual.
 (3) This subsection shall apply without regard to (A) Whether or not the Medicaid Qualifying Trust is irrevocable or is established for purposes other than to enable a grantor to qualify for medical assistance under this title [42 USCS 1396 et seq.]; or (B) whether or not the discretion described in paragraph (2) is actually exercised.
42 U.S.C.S 1396a(k)(1) states that the "amounts from the trust deemed available to the grantor. . . is the maximum amount of payments that may be permitted under the terms of the trust to be distributed to the grantor, assuming the full exercise of discretion by the trustee or trustees for the distribution of the maximum amount to the grantor."
Likewise, defendant's regulations also describe the circumstances under which funds in a trust are available to an applicant:
 The funds in a trust are considered available to an individual if:
CT Page 10371
 1. the trust was established by the individual or individual's spouse other than by means of a will; and
 2. the individual is the beneficiary of the trust; and
 3. the trustee is able to distribute the funds to the individual at the trustee's discretion. This is true even if:
a. the trust is irrevocable; and
 b. the trustee does not exercise his or her discretion.
Connecticut DIM Uniform Policy Manual 4030.80.
A comparison of the terms of the trust with the definition of a Medicaid Qualifying Trust discloses that plaintiff's trust falls squarely within the meaning of a Medicaid Qualifying Trust. First, the trust was established by Mr. Danielson by means other than a will. Second, both Mr. Danielson and his wife are named beneficiaries of the trust. Third, the trustees are vested with complete discretion with respect to distributions to the plaintiff. Based on the foregoing the fair hearing officer properly concluded that the Danielson Trust is a Medicaid Qualifying Trust within the meaning of 42 U.S.C. § 1396 and the analogous DIM regulations and that the proceeds of the Danielson Trust are available to Mrs. Danielson for the purpose of determining her eligibility for Title XIX.[2]
While plaintiff acknowledges that the Danielson trust appears to be a Medicaid Qualifying Trust, she claims that because the trustee has exercised his discretion in favor of not disbursing funds to her the corpus of the trust is not actually available to her and therefore should not be considered in determining her eligibility for Title XIX. In support of her claim plaintiff relies on Zeoli v. Commissioner of Social Services, 179 Conn. 425 (1979). In Zeoli, the department terminated plaintiff's' Title XIX benefits because of the existence of a testamentary trust fund of which plaintiffs were the beneficiaries. On appeal the Supreme Court reversed the Commissioner's decision, ruling that because the trust was a spendthrift trust and because the plaintiffs-beneficiaries could not compel distribution of the monies in the trust, the funds were not "actually available" to the plaintiff and therefore should not have been considered in CT Page 10372 determining eligibility.
While the Zeoli case bears a striking resemblance to the instant case it is no longer controlling because of the subsequent enactment by Congress of 42 U.S.C. § 1396 requiring that Medicaid agencies consider the value of a Medicaid Qualifying Trust when determining eligibility for Title XIX. AS previously indicated, Congress enacted 42 U.S.C. § 1396 in 1985, in the face of evidence that inter vivos spendthrift trusts were being utilized to shelter assets that otherwise would render persons ineligible for Title XIX. See, Footnote 2, supra. The Danielson trust was created in 1985 and is therefore clearly subject to the strictures of 42 U.S.C. § 1396. Clark v. Commission, 209 Conn. 390 (1988). To the extent that the Zeoli case was based on the Court's interpretation of federal law as it existed in 1979, it is no longer apposite in light of the subsequent Congressional enactment defining the circumstances under which a spendthrift trust is considered an asset to be included in Title XIX eligibility determinations.
For the foregoing reasons, plaintiff's appeal is denied.
HOLZBERG, J.