[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW
The plaintiff appeals the decision of a Hearing Officer who, after listening to the testimony of witnesses and receiving other evidence, ordered suspension of the plaintiff's operator's license pursuant to the provisions of General Statutes 14-227b. The basis for the appeal is that the decision was arbitrary, capricious, an abuse of discretion, failed to "reach the extended level of substantial evidence on one or more of the four issues decided and the statute and regulations issued pursuant thereto are unconstitutional.
The plaintiff was arrested on May 8, 1991 by Branford Police Officer Suraci who charged plaintiff with operating a motor vehicle while under the influence of intoxicating liquor or drugs CT Page 2279 or both in violation of General Statutes 14-227a. The Officer's DWI Arrest and Alcohol Test Refusal or Failure Report (Form A-44), prepared in accordance with General Statutes 14-227b(c), was forwarded to the Department of Motor Vehicles as required by the statute. General Statutes 14-227b is referred to by the parties as either the "implied consent" or "per se" law, or both. Officer Suraci's report was admitted into evidence at the administrative hearing that was held on May 29, 1991. At the time of his arrest, the plaintiff's operator's license was seized by the officer whose report indicated that the plaintiff, upon being apprised of the chemical/alcohol testing requirements of 14-227b, refused to take the mandatory test, whereupon his license was seized and revoked. On May 14, 1991, DMV sent plaintiff a suspension notice informing him that his license would be suspended for a six-month period, effective June 12, 1991, absent a hearing and appeal. In response to his request for a hearing, DMV issued the plaintiff a "Notice of Hearing", dated May 1, 1991, informing him of his right to "respond to the charge or information that [he] refused to submit to a chemical alcohol test."
The plaintiff attended the hearing and was represented by counsel. His appeal, filed pursuant to the provisions of General Statutes 4-183, seeks judicial review of the decision to suspend his license to operate a motor vehicle. The statutory basis for judicial review of the actions of the Commissioner or Motor Vehicles is found in General Statutes 4-166, et seq., the Uniform Administrative Procedure Act (UAPA). The scope of review is necessarily restricted. Buckley v. Muzio, 200 Conn. 1, 3 (1986). The court can neither re-try the case nor substitute its judgment for that of the Commissioner. Buckley, supra. Factual issues and the credibility of witnesses must be left to the province of the administrative agency and its conclusions cannot be disturbed by a court where the evidence reasonably supports the decision. DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587, 589
(1975); Griffin v. Muzio, 10 Conn. App. 90, 91-92, cert. den.,203 Conn. 805 (1987).
The standard for judicial review of an administrative decision is the determination of whether there is substantial evidence in the administrative record to support the basic findings of fact and whether the conclusions drawn from those facts are reasonable. Connecticut Light Power Co. v. DPUC,216 Conn. 627, 639 (1990). The court must find substantial evidence to exist where the administrative record affords a substantial basis of fact from which a fact, or facts, in issue reasonably can be inferred. Connecticut Light Power Co. v. DPUC, supra AT 639-640.
In reviewing a decision to suspend an operator's license pursuant to the provisions of the implied consent statute, the CT Page 2280 court must determine whether the record reflects that the evidence reasonably supports the findings of fact by the Hearing Officer, limited to four issues:
 (1) Was there probable cause to arrest the plaintiff for operating a motor vehicle while under the influence of intoxicating liquor or drugs or both; (2) was the plaintiff placed under arrest; (3) did the plaintiff refuse to submit to a blood, breath or urine test at the request of the arresting officer, after being apprised of his constitutional rights or, having submitted to such tests, did the test results indicate that at the time of the alleged offense the ratio of alcohol in the blood of the plaintiff was ten-hundredths of one per cent or more of alcohol, by weight; and (4) was the plaintiff operating the motor vehicle at the time in question.
Although the plaintiff disagrees with the findings of fact and the conclusions drawn therefrom, the record indicates, clearly and unequivocally, that there was substantial evidence to reasonably support the administrative determination limited to the issues mandated by the statute. Needless to say, the determination as to credibility of witnesses and other evidence, and the weight to be given thereto, is exclusively for the trier of facts. Such determinations cannot be overturned or disturbed by a court when the evidence reasonably supports the decision by the administrative agency. DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587, 589 (1975).
Based upon the evidence before him, the Hearing Officer could reasonably have found the following facts: that on May 8, 1991, at approximately 4:30 in the afternoon, Branford Police Officer Suraci observed the plaintiff, alone in his motor vehicle, drive that vehicle into the rear of a vehicle stopped at a stop sign at the intersection of Meadow and Montowese Streets in the Town of Branford. The officer's written report indicates that in the course of investigating the incident, the officer noted a strong odor of alcohol on the plaintiff's breath; the plaintiff's eyes were bloodshot and watery; the plaintiff's speech was slurred and he appeared dazed and confused. When the officer requested a driver's license, the plaintiff responded by handing the officer a business card. When requested to perform a field sobriety test, the report indicates that the plaintiff swayed from side to side, had difficulty maintaining his balance and staggered and stumbled. Furthermore, in attempting to recite the alphabet, the plaintiff was unable to proceed beyond the letter "k", and in performing the horizontal gaze test, he showed nystagmus in both eyes at a CT Page 2281 maximum deviation by forty-five degrees and could not show smooth pursuit in either eye and finally refused to attempt to perform further sobriety tests claiming that he was "embarrassed".
The plaintiff, after being placed under arrest and charged with operating a motor vehicle while under the influence of intoxicating liquor or drugs or both, was transported to the police station, apprised of the mandatory alcohol testing requirements of the implied consent statute, which testing he refused, and was offered an opportunity to contact a lawyer.
Entitlement to relief under the provisions of the UAPA, requires the plaintiff to bear and meet the burden of proving that substantial rights possessed by him have been prejudiced by an administrative decision which is arbitrary, capricious, characterized by an abuse of discretion or is a clearly unwarranted exercise of discretion or, such decision is erroneous in view of the reliable, probative and substantial evidence on the whole record. General Statutes 4-183(j)(5) and (6). Also see, Lawrence v. Kozlowski, 171 Conn. 705, 713-714 (1976). The plaintiff's claim that the Commissioner's decision to suspend plaintiff's license was arbitrary, capricious and an abuse of discretion is premised on an alleged lack of compliance with certain procedural actions set forth in the statute: (1) that the evidence failed to show that the police report required by statute was forwarded to DMV within the three-day statutory period; (2) that there was no evidence to show that the operator's license seized from the plaintiff at the time of his arrest was forwarded to DMV together with the police report. These claims not only are beyond the scope of those four issues to which the court is limited for purposes of judicial review, but are not linked relevantly to any claimed substantial rights alleged to have been prejudiced. The plaintiff fails completely to show any harm or prejudice, assuming the truth of his claims. Moreover, the requirements complained of are not of record, have no bearing whatsoever on the admissibility of the officer's report and are directory, instructing an arresting officer of the procedure to follow after making an arrest and writing the required report, not mandatory, and have no bearing on any substantive rights of an accused. See Volck v. Muzio, 204 Conn. 507, 514 (1987), where, at 517, the court stated:
 "The restriction of the license suspension hearing to the four issues contained in [the statute] indicates that compliance . . . was not intended to be a prerequisite for a suspension."
The silence of the record as to the alleged failures affords plaintiff nothing as to satisfying his burden of proof. See, Grillo v. Zoning Board of Appeals, 4 Conn. App. 205, 207 (1985) CT Page 2282 (record silent as to whether commissioner who, absent from public meeting, acquainted himself with record). Also, Peter v. DMV,4 CTLR 381 (August 4, 1991) (noncompliance with the three-day requirement does not affect reliability or trustworthiness, and thus, admissibility of report).
The plaintiff's claim that the per se law violates his due process rights, unconstitutionally, ". . . because it sanctions the revocation of driver's licenses without an effective hearing" scarcely warrants addressing. The arresting officer, pursuant to the procedures set forth in 14-227b(b) upon charging the plaintiff with a violation of General Statutes 14-227a, apprised him of his constitutional rights and requested plaintiff to submit to a BAC and afforded him a reasonable opportunity to phone an attorney prior to the performance of such test and informed him of the mandatory suspension of license upon refusal to submit to such test. It was the plaintiff's refusal to submit to the test that triggered the operation of subsections (c) through (h) of 14-227b, meticulously setting forth the statutory scheme ensuring the procedural due process afforded the plaintiff and of which he now complains was lacking. Nothing in our constitutions and laws warrants the assumption that affording due process guarantees those protected a result which they desire.
The plaintiff fails to illustrate the manner in which his constitutional right to due process was violated. He does not, indeed, cannot, deny that he received notice of his suspension upon defendant's receipt of the police report and, pursuant to the notice provisions, he timely requested and was granted a hearing which he attended with his lawyer. The hearing afforded plaintiff an opportunity to present evidence on his behalf and to contest the admission of evidence offered against him. That evidence included the sworn police report bearing the signature of a witness to plaintiff's refusal to submit to a prescribed test; a police report refusal form signed by the plaintiff; and the reported observations by the officer of the plaintiff's appearance and condition at the accident scene.
The plaintiff, in denying at the hearing and on appeal that he did not refuse to be tested for his blood alcohol content because he was never offered any of the chemical tests, raised an issue of credibility which, having been decided against him at the hearing, cannot be determined by the court. Nor should it be in light of the reliable probative and substantial evidence in the whole record. Prior to the hearing which he requested, the plaintiff neither issued subpoenas for the officers nor requested that the Commission summon the officers to attend. As previously stated, the issues of witness credibility and fact determination are matters within the province of the trier, here, the administrative agency, and where, as here, the evidence supports CT Page 2283 the determinations made, the court cannot and should not disturb the conclusions reached. Clark v. Muzio, 40 Conn. Sup. 512, 514
(1986); DiBenedetto v. Commission of Motor Vehicles, supra.
In reviewing the plaintiff's claim in light of the applicable statutes and case law for judicial review, it must be concluded that the plaintiff has failed to meet his burden to establish grounds for reversal of the decision from which he claims aggrievement. Accordingly, judgment is rendered affirming the decision of May 31, 1991 to suspend plaintiff's license and the appeal is dismissed.
LEANDER C. GRAY, JUDGE