[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 1, 1991, a Connecticut State Police Trooper observed the plaintiff drive through a stop sign without coming to a complete stop as well as cross and weave over the street's center lines. Upon seeing this, the trooper stopped the plaintiff. At this time, the trooper noted that the plaintiff's breath smelled of alcohol, his appearance was generally disheveled, and his balance was very poor. As a result, the state trooper administered several field tests to the plaintiff which he subsequently failed. When questioned on whether he had been drinking that day, the plaintiff conceded that he had.
Next, the trooper requested that the plaintiff take a urine test. While the plaintiff initially stated that he would take this test, he later declared that he was unable to urinate since he had gone shortly before being stopped and because his girlfriend who was waiting wanted to leave. In response the trooper stated "If you can't go and if you want to refuse it's up to you." (Transcript of Hearing, January 10, 1992, p. 28). At this point, the plaintiff declared that he in fact wanted to refuse and left.
Because of this refusal, on or about December 10, 1991, the defendant notified the plaintiff that his Connecticut Motor Vehicle operator's license would be suspended for a period of one year beginning January 5, 1992 pursuant to C.G.S.A.14-227b(c). Upon receipt of this notice, plaintiff requested a hearing to contest his license suspension and was granted a hearing date of January 3, 1992.
However, on January 3, a witness which the plaintiff had allegedly served a subpoena did not appear. On account of this, when the defendant admitted into evidence a police report which this witness had prepared, the plaintiff objected to its admission and sought a dismissal of the case. While the hearing officer did not grant the dismissal, he did offer to have the hearing continued so that the plaintiff could have an opportunity to cross-examine the state trooper who prepared the police report. Indeed, the hearing officer asked, "Counselor, in view of your claims, again, I will ask you do you have a problem with me continuing this for another week to allow the officer to honor [your] subpoena?" (Transcript of Hearing, January 3, 1992, p. 23-4). In response, the plaintiff expressly stated, "No objection." (Transcript of Hearing, January 3, CT Page 808 1992, p. 24). Because of this, the hearing officer continued the hearing until January 10, 1992 at which time the state trooper who had prepared the report appeared.
On appeal pursuant to C.G.S.A. 4-183, the plaintiff contends that (1) the hearing officer acted without statutory authority when he continued the hearing to January 10, 1992; (2) there was no probable cause for arrest; (3) there was no refusal to take the urine test; (4) that the initial stop of the plaintiff was illegal; and (5) that the hearing officer was in error in admitting the police officer's report at the hearing of January 3, 1992, without the police officer testifying.
This court held a hearing on the plaintiff's claims on November 19, 1992.
One witness testified at the hearing, namely, the plaintiff William Baker.
After hearing the testimony of Mr. Baker, this court finds aggrievement on the part of the plaintiff.
At said hearing, the plaintiff withdrew claim #5 above.
As to the plaintiff's remaining claims, the court finds the following:
The hearing officer did have a sound basis of authority for continuing this hearing. First, the hearing officer only continued this hearing after he made this intention known to the plaintiff and the plaintiff failed to pose any type of objection to continuance. Indeed, when expressly asked whether he had any objection to continuance, the plaintiff replied "no."
Aside from the plaintiff's acquiescence to the continuance, the hearing officer acted in full accordance with Connecticut statutory authority. Section 14-227b(f) of the Connecticut General Statutes states that "[u]pon a showing of good cause, the commissioner may grant one continuance for a period not to exceed ten days." In addition, 14-227b(g) further states that
 "[u]nless a continuance is granted to such person pursuant to subsection (f) of this section, if the commissioner fails to render a decision within thirty-five days from the date such person received CT Page 809 notice of his arrest by the police officer, the commissioner shall reinstate such person's operator's license."
Thus, the legislators creating this statute anticipated circumstances in which a hearing could be rescheduled until after the originally determined effective date of suspension, and postponement beyond the general thirty-five day limit clearly does not result in a per se violation of 14-227b. Since the hearing officer's allowance of a continuance beyond the thirty-five day period here was made for good cause, the hearing officer's determination here was fully authorized by statutory law and his decision should stand.
Finally, the plaintiff's reliance on Pike v. State of Connecticut Department of Motor Vehicles, 7 C.S.C.R. 59, (1991), is misplaced. In Pike, a continuance was granted but it was unquestionably allowed for the benefit of the defendant and not the operator. Because of this, the court hearing the appeal held that a "good cause" continuance pursuant to 14-227b(f) could not be issued when the reason was solely for the benefit of the agency. In this case, however, the continuance was not granted for the benefit of the state but was instead allowed for the benefit of the plaintiff. Since the hearing officer granted a continuance to enable the plaintiff to obtain a witness whom it planned to cross-examine for its benefit this case is completely distinguishable from Pike.
Next, although the plaintiff asserts that there was no probable cause for the arrest of the plaintiff, and that the initial stop was illegal, given the record as a whole, the hearing officer's decision was not clearly erroneous. On appeal, the Superior Court has a limited scope of review and should not substitute its judgment for that of the commissioner. Buckley v. Muzio, 200 Conn. 1, 3 (1986). Since the administrative agency has the opportunity to judge the credibility of the witnesses, if there is evidence which reasonably supports the decision of the commissioner, the court should not disturb that finding of fact. Dibenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587, 589 (1975).
In this case, there is evidence that the plaintiff went through a stop sign without fully coming to a stop, crossed over the center lines, appeared disheveled, had alcohol on his breath, and failed several field tests. Given this, it cannot CT Page 810 be said that the hearing officer's decision was clearly erroneous.
Finally, the plaintiff's departure from the police barracks and acknowledgement that he was not going to submit to the urine test amounts to a refusal to submit to a chemical test under14-227b. Unlike that line of cases in which persons taking breath tests were unable to complete the tests, the plaintiff here unquestionably could have completed this test if he had only waited until he had to urinate again. Indeed, although the state trooper administering this test clearly stated that he would stay as long as necessary to get a urine sample from the plaintiff operator, the plaintiff left the station and expressly conceded to the trooper that he refused. Rather than remain in the station a reasonable amount of time, the plaintiff indicated that he no longer wanted his girlfriend to wait and left.
Accordingly, the plaintiff's appeal is dismissed.
Damiani, J.