[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal from a decision by the defendant denying plaintiff's claim that assets she owned jointly with her son should not be considered in CT Page 10630 evaluating her husband's eligibility for Title XIX benefits.
The facts giving rise to this appeal are not disputed. The plaintiff's husband is a long term patient at a nursing facility. He made application for medical assistance under Title XIX of the Social Security Act with the Department of Income Maintenance. The Department determined that he and his wife had total combined assets of approximately $60,000, and that one half of that amount was available to him for the cost of his care at the nursing home. As a condition of receiving Medicaid, therefore, he would have to reduce his approximately $30,000 in assets to the $1,600 limit for a married person.
In determining that Mr. and Mrs. Masera had total assets of $60,000 the Department included bank accounts in the name of Mrs. Masera and her son Raymond Rodolfo-Masera. While those accounts were originally not in his name, Raymond Masera's name was added to the accounts in 1986. Since that time the accounts remained under his control with the monies used by him to pay for expenses incurred by his parents as well as himself.
Mrs. Masera requested a fair hearing to contest the Department's inclusion in her and her husband's total assets the entire value of the bank accounts she held jointly with their son. At the hearing she argued that because she and her son are joint owners of the account one half the amount of the bank accounts should be excluded from the total assets attributed to her and her husband. The fair hearing officer denied her claim, ruling that the Defendant's Uniform Policy Manual required the Department to deem as available to the husband all assets held jointly by the wife and any other third person. This appeal followed.
The standards governing an administrative appeal are well established. The scope of review under the Uniform Administrative Procedure Act, Conn. Gen. Stats. 4-165 et seq. is limited. Neri v. Powers, 3 Conn. App. 531, 537
(1984), citing Lawrence v. Kozlowski, 171 Conn. 705, 707
(1976). "The function of the court [is] to determine from the record before it, without substituting its own discretion, whether the [administrative agency] acted CT Page 10631 illegally or in abuse of its powers." Connecticut Television, Inc. v. Public Utilities Commission, 159 Conn. 317,324-5 (1970). An aggrieved party is entitled "only [to] a review of the proceedings before the [agency] to determine whether the action appealed from was legal." Id. at 329; Neri v. Powers, supra. On appeal, the court may not "`retry the case or substitute its judgment for that of the defendant.'" CB Enterprises, Inc. v. Commissioner of Motor Vehicles., 176 Conn. 111, 112, 404 A.2d 864 (1978); DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587,589 362 A.2d 840 (1975); see General Statutes4-183 (g). "The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." New Haven v. Freedom of Information Commission, 205 Conn. 767, 773 (1988).
The Medicaid program, established in 1965 as Title XIX of the Social Security Act, 42 U.S.C. § 1396, "provides federal financial assistance to States that choose to reimburse certain costs of medical treatment for needy persons." Schweiker v. Gray Panthers, 455 U.S. 34,101 S.Ct. 2633, 69 L.Ed.2d 460 (1981). Each participating State develops a plan containing "reasonable standards . . . for determining eligibility for and the extent of medical assistance." 42 U.S.C. § 1396(a)(17).
In order to comply with federal law the standards developed by the State must not "take into account the financial responsibility of any individual for any applicant or recipient of assistance under the plan unless such applicant or recipient is such individuals' spouse or child." 42 U.S.C. § 1396(a)(17)(D). Likewise, in determining eligibility for Title XIX benefits, the State can take into account only such income and resources that are, "as determined in accordance with Standards prescribed by the Secretary, available to the applicant.42 U.S.C. § 1396a(a)(17)(B).
In Schweiker v. Grey Panthers, supra, the Supreme Court upheld the provisions of Title XIX that permitted the State to "deem" a portion of a non-institutionalized spouse's income to be available to an institutionalized spouse in determining his eligibility for Medicaid. In 1988 Congress enacted the Medicare Catastrophic Coverage CT Page 10632 Act (MCCA) 42 U.S.C. § 1396-5 (d) in response to Schweiker. The Act clarifies the Medicaid income eligibility guidelines and provides a greater spousal allowance to persons who stay at home when their spouses are institutionalized and receive Medicaid. Whitehouse v. Ives, 736 F. Sup. 368 (D.Me. 1990). The MCCA also requires a State plan to deem certain income of the non-institutionalized spouse to the institutionalized spouse for the purpose of determining eligibility for Title XIX.
Pursuant to the MCCA, the defendant amended its Uniform Policy Manual (UPM) to set forth the policies and procedures with respect to "deeming" of income to an institutionalized spouse. 4025.67 D.4 states:
 For the purpose of calculating the amount to be deemed, the community spouse's total available non-excluded assets include only those assets which are:
a. owned solely by the community spouse; and
 b. owned jointly with any other person except the institutionalized spouse.
It is the relationship between UPM 4025.67 and the requirements of 42 U.S.C. § 1396a — which imposes limitations on the State's ability to consider the income of persons other than the applicant's spouse or child in determining eligibility — that forms the basis for this appeal. As previously noted, the plaintiff argues that UPM 4025.67 is inconsistent with 42 U.S.C. § 1396a(a) (17) (D) to the extent that defendant's policy requires that all of the funds plaintiff holds jointly with her son are deemed to her husband notwithstanding her claim that she is the legal owner of only one half of the funds.
At the fair hearing plaintiff presented evidence with respect to the ownership of the monies in the bank accounts, their use by the plaintiff and her son, their allocation for federal income tax purposes and other indicia of ownership. Despite this evidence, the fair hearing officer did not explicitly address the plaintiff's claim that, under the factual circumstances she presented, one half the value of the bank accounts held jointly with CT Page 10633 her son should not be attributed to her and her husband. Instead the hearing officer relied on 4025.67 which required him to conclude that assets owned jointly by the plaintiff with any other person except her spouse are automatically deemed to her spouse.
To the extent that 4025.67 as written, or as applied, creates an irrebuttable presumption that any and all monies owned jointly by a non-institutionalized spouse with a third party are deemed to the institutionalized spouse, it is in conflict with federal law. In Schweiker v. Grey Panthers, the Supreme Court concluded that it was appropriate for Congress to require that the resources and income of community spouses be deemed to institutionalized spouses who seek Title XIX benefits. The Court made clear, however, in discussing the history of 1396a(a) (17)(D), that "States may not include in their plan's provisions for requiring contributions from relatives other than a spouse or the parent of a minor child." Id., 2641, quoting S.Rep. No. 404 89th Cong. 1st Sess., 78 (1965) (emphasis supplied).
As evidently interpreted by defendant 4025 requires that all income or resources owned by plaintiff jointly with a third person must be deemed to the applicant, notwithstanding the fact that those resources might be owned by a person other than a spouse or child. To the extent that Sec. 4025 does not permit the spouse to rebut the presumption that she is not the legal owner of the assets, it violates federal law by creating the possibility that an applicant can have deemed to him resources other than those owned by him, his spouse or his child.[1] Burns v. Vowell, 424 F. Sup. 1135 (D. Me. 1976).
In this case the plaintiff is entitled to attempt to prove that the monies owned in joint tenancy with her son should not be deemed to her husband because she is not the legal owner of such funds. If plaintiff cannot sustain this burden by clear and convincing evidence, after explicit factual findings by the fair hearing officer on this issue, then the decision of the Department, deeming all of those funds to her husband, shall stand. If plaintiff sustains her burden of proof, the Department is ordered to recalculate her husband's eligibility based on the amount of monies deemed to her husband. CT Page 10634
Paul W. Smith for plaintiff.
Assistant Attorney General Lynch for defendant.