[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Christopher Mosman, has taken this appeal from a decision by the Commissioner of Motor Vehicles suspending his CT Page 7952 operator's license pursuant to the provisions of Section 14-227b
of the Connecticut General Statutes, commonly referred to as the "Implied Consent Law".
Section 14-227b(b) reads in pertinent part as follows:
 If any such person, having been placed under arrest for . . . . operating a motor vehicle while under the influence of intoxicating liquor. . . . . ., and thereafter, after being apprised of his constitutional rights, having been requested to submit to a blood, breath or urine test at the option of the police officer, having been afforded a reasonable opportunity to telephone an attorney prior to the performance of such test and having been informed that his license . . . will be suspended in accordance with the provisions of this section if he refuses to submit to such test. . . . . ., the test shall not be given; . . . . . .".
Section 14-227b(c) as in pertinent part reads:
 If the person arrested refuses to submit to such test or analysis . . . . the police officer acting on behalf of the Commissioner of Motor Vehicles, shall immediately revoke and take possession of the motor vehicle operator's license. . . . The police officer shall prepare a written report of the incident and shall mail the report together with . . . . a copy of the results of any chemical tests or analysis to the Department of Motor Vehicles within three business days. The report shall be made on a form, approved by the commissioner of motor vehicles and shall be sworn to . . . . by the police officer before whom such refusal was made. . . . If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal. The report shall set forth the grounds for the officers belief that there was probable cause to arrest such person . . . . for operating a motor vehicle under the influence of CT Page 7953 intoxicating liquor . . . . and shall state that such person had refused to submit to such test or analysis when requested by such police officer to do so. . . ."
Section 14-227b(d) states that:
 . . . . Any person whose license . . . has been suspended in accordance with this subsection shall automatically be entitled to a hearing before the Commission. . . .
Section 14-227b(f) states in part that:
 . . . . The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person . . . for operating a motor vehicle while under the influence of intoxicating liquor. . . .; (2) was, such person placed under arrest; (3) did such person refuse to submit to such test or analysis. . . .; (4) was such person operating the motor vehicle. . . . "
An administrative hearing officer acting on behalf of the Commissioner of Motor Vehicles found in the affirmative on all four requirements set forth in Sections 14-227b(f), supra, thus resulting in the suspension of his operator's license pursuant to Section 14-227b(h). The defendant subsequently appealed to this Court under the provisions of Section 4-183 of the Connecticut General Statutes.
The plaintiff bases his appeal on: (1) There is a lack of evidence in the record to support probable cause for the arrest and, (2) he did not refuse to be tested for his blood alcohol ratio (BAC).
Section 4-183(i) of the Connecticut General Statutes, known as the Uniform Administrative Procedures Act reads in part as follows:
 "The appeal shall be conducted by the court without a jury, and shall be confined to the record.". . . . CT Page 7954
Subsection (j) reads as follows:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse or discretion or clearly unwarranted exercise of discretion. If the court finds such evidence it shall sustain the appeal. . . .".
It is not he [the] function of the court to retry the case or to substitute its judgment for that of the Commissioner.Buckley v. Nuzio, 200 Conn. 1, 3 509 A.2d 489 (1986). "The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . . which reasonably supports the Commissioner . . . [the court] cannot disturb the conclusion reached by him. DiBenedetto v. Commissioner ofMotor Vehicles, 168 Conn. 587, 589, 362 A.2d 840 (1975).
The Court's ultimate duty is only to decide whether in light of the evidence the [Commissioner] has acted unreasonably, arbitrarily, illegally or in abuse of [his] discretion.Buckley v. Nuzio, supra, 3.
"Judicial review of an administrative decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from these facts are reasonable. Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . In conducting its review, CT Page 7955 a court must defer to the agency's assessment of the credibility of the witnesses and to its right to believe or disbelieve the evidence presented by any witness even an expert." (internal citations omitted) Connecticut Light Power Co. v.DPUC, 216 Conn. 627, 639, 583 A.2d 906 (1990).
After a review of the record the court finds that on all four requirements of Section 14-227b(f) of the General Statutes, there is substantial evidence from which the Hearing Officer could reasonably conclude that there was probable cause to arrest the appellant for operating a motor vehicle while under the influence of intoxicating liquor; that he was placed under arrest; that he refused to submit to such test or analysis, and; that he was operating the motor vehicle.
The record discloses that the appellant was stopped by a Shelton Police Officer as a result of a radio dispatch, indicating a hit and run incident in Derby earlier that evening. The description of the vehicle and its occupants fit the description broadcast. The Derby Officer, upon his arrival, noted an odor of alcohol on the driver's breath. He admitted to having one drink. He was then asked to step from the vehicle to take a field sobriety test. He allegedly slipped on the snow covered road and refused to take any such tests. The officer indicated that he then placed him under arrest and transported him to Headquarters where he was asked to undergo a Chemical Analysis of his breath, which he refused. This refusal was witnessed by his Sergeant. The appellant admitted to operating the motor vehicle.
Based on all the above, the appeal is hereby dismissed.
THE COURT
CURRAN, J.