[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeals a decision of the Department of Motor Vehicles ("DMV") in determining his violation of Connecticut General Statutes § 14-12[1] for failing to register two passenger motor vehicles bearing out of state registration plates.
The DMV hearing officer found that plaintiff was the owner of two passenger motor vehicles bearing Vermont registration plates, that he owns a Connecticut motor vehicle operator's license, has been a resident of the state of Connecticut for more than 60 days and operated the vehicles on a public highway in the state of Connecticut.
The plaintiff was ordered to register the vehicles within 45 days of the decision or his Connecticut operator's license would be suspended.
Plaintiff contests the DMV finding on the grounds that there is no substantial evidence produced at the hearing that he is a CT Page 4802 resident of the state of Connecticut, and therefore this appeal should be sustained.
At the hearing plaintiff testified that he lives one hundred per cent of the time on the road, staying primarily in motels, and that he has no legal residence in Connecticut.
The scope of review of an appeal from a decision of the DMV is restricted. Buckley v. Muzio, 200 Conn. 1, 3 (1986). It is not the function of the court to retry the case or substitute its judgment for that of the DMV. Id; C H Enterprises Inc. v.Commissioner of Motor Vehicles, 176 Conn. 11, 12 (1978). "The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and if there is evidence which substantially supports the decision of the Commissioner . . . then [the court] cannot disturb the conclusion reached by him." DiBenedetto v. Commissioner of MotorVehicles, 168 Conn. 587, 589 (1975). To prevail, plaintiff must prove the decision to suspend his operator's license is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." Connecticut General Statutes §4-183(j)(5). "Substantial evidence" exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. Connecticut Light and PowerCompany v. Department of Public Utility, 216 Conn. 627, 640
(1990).
On the record in this case, two facts afford the basis for making the reasonable inference that the plaintiff is a resident of Connecticut: (1) plaintiff has a Connecticut driver's license, and as he testified, intends to keep it. A Connecticut driver's license always contains a Connecticut address, so it is reasonable to infer that plaintiff must have had a Connecticut address when he obtained the license. Furthermore, Connecticut General Statutes § 14-45 requires that a person holding a license "notify the Commissioner [of DMV] within 48 hours of any change of his address. The notification shall include his old address and his new address." Section (c) of that statute further provides that failure to give the notice shall be an infraction. The DMV hearing officer could reasonably infer that the plaintiff obeyed the law and that his Connecticut address remained the same as on his license. (2) Plaintiff admitted on the record that he has had a P.O. Box in Connecticut as a mailing address for the past twenty years. The hearing officer could reasonably infer from that fact that plaintiff has continued to reside in Connecticut. CT Page 4803
Thus, there is in the record substantial evidence to support the hearing officer's finding, based on reasonable inference from facts established, that the plaintiff is a resident of Connecticut and to support the conclusion that his failing to register the vehicles containing Vermont plates violated §14-12.
As a consequence, this appeal is dismissed.
Robert Satter, Judge Trial Referee