[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, H.P.T. Co. and H.P.T., Inc. ("HPT"), appeal from a final decision and order of the defendant, Commissioner of the Department of Consumer Protection ("the department"), dated December 3, 1998, revoking the plaintiffs' home improvement registration, assessing fines and penalties, and ordering restitution to be paid to the department. The decision of the department is based upon a hearing officer's report dated October 6, 1998. The plaintiffs appeal is authorized pursuant to General Statutes § 20-413 and General Statutes § 4-183, the Uniform Administrative Procedure Act ("UAPA"). For the reasons set forth below, the court finds the issues in favor of the department.
This appeal arises from a complaint brought by the department on June 15, 1998 against HPT alleging that HPT had violated the state Home Improvement Act, General Statutes § 20-418 et seq. The plaintiffs were registered home improvement contractors holding home improvement registration numbers 537743 and 555186. Administrative hearings were held on July 8, 1998, July 22, 1998 and July 29, 1998. After hearing testimony and considering evidence concerning improper workmanship in driveway paving by HPT, the hearing officer issued a proposed decision making the following findings of fact and conclusions of law.
Regarding Efrain Torres of Windsor, the hearing officer found that HPT had damaged a brick retaining wall and left the driveway in an irreparable state. As to Keith McCarthy of Wethersfield, the hearing CT Page 5632 officer concluded that the McCarthy was not satisfied with the work because large puddles of water formed after a rainstorm. A subsequent meeting at the Better Business Bureau resulted in a decision in favor of McCarthy. With respect to Claudette Sandville of Marlborough, the hearing officer determined that Sandville stopped HPT's work when an automobile became stuck in the driveway because the base material used was not firm enough to support the car.
As to Alvaro Castillo of Avon, the hearing officer found that water collected in front of Castillo's garage due to HPT's paving work. As to Sarah Morgan of Higganum, the hearing officer found that the consumer believed the work of HPT called for further repair and that the subsequent repair was inadequate. Regarding Adelina Coelho of Hartford, the hearing officer found that Coelho noticed that the driveway had sand spots, and a bucket of oil had been left on the driveway. Regarding Neal Wasserman of Bolton, the hearing officer concluded that Wasserman was not satisfied with the work and corrective action needed to be taken. With respect to Andrew Hallums of Bloomfield, the hearing officer determined that the consumer noticed "waves" in the driveway. As regards Wesley Johnson, the hearing officer found that the driveway had defects and that HPT had been difficult to deal with in obtaining warranty service. As to Lorenzo Knight of Bloomfield, the hearing officer found that there were rough spots in the driveway. With respect to Steven Bennett of North Granby, the hearing officer found that HPT failed to remedy deficiencies in its work.
Regarding Nellie Motekaitis of East Granby, the hearing officer found that HPT failed to repair deficiencies in the paving as well as causing injury to siding and garage doors. Regarding Bill Kirby of Middletown, Stanley Madison of Hebron, and James Hunt of Bloomfield, the hearing officer found that HPT failed to perform contracted work. (Return of Record ("ROR"), Item 7, Hearing Officer's Proposal for Decision dated October 6, 1998.)
At the administrative hearing, Jeffrey Pillon, a contractor in one of the two HPT companies, testified and provided documentary evidence on behalf of HPT in response to the consumers allegations of improper workmanship in driveway paving. Pillon provided recent pictures and a video tape of the driveways. (ROR, Item 4, Transcripts of hearing on July 21, 1998; ROR, Item 6, Transcript of hearing on July 29, 1998; ROR, Item 7, Hearing Officer's Proposal for Decision dated October 6, 1998.) With regard to Mrs. Motekaitis, Pillon testified that his contracted job was for resurfacing only, and not for the extensive work now claimed by the homeowner. With regard to Mr. Hallums, he claimed that paving instructions had been followed and that Hallums' new contractor was biased. As to Mr. Knight, Pillon again mentioned resurfacing and bias of CT Page 5633 the contractor. With regard to Mr. Johnson, he claimed that the defects had disappeared. With regard to Mr. Hunt, he claimed that the driveway had peculiar problems and also that Hunt's expert was just looking for work. With regard to Ms. Coelho, Pillon stated that the consumer was at fault. With regard to Mr. McCarthy, Pillon testified that the problem was due to landscaping. With respect to Mr. Wasserman, he suggested sectional repairs, which Wasserman rejected. With regard to Ms. Kirby, he mentioned abuse by the consumer. With regard to Mr. Castillo, he also offered sectional repairs. With regard to Mr. Madison, he mentioned a heave in the land. With regard to Mr. Torres, he mentioned that further steps were needed and that Torres had told him not to proceed. With regard to Ms. Morgan, Pillon stated that there appeared to be a water problem but it was not caused by his paving. With regard to Mr. Sanville, he claimed that he was not allowed to finish the job.
The hearing officer did not accept HPT's position, found that HPT had violated General Statutes §§ 20-426, 20-427, 20-429, and 42-110b
and recommended the following orders: 1) HPT cease and desist from contracting with consumers and then failing to complete the work in a workmanlike manner; 2) HPT's home improvement contractor's registration be revoked; 3) HPT post a bond in the amount of $40,000 as a condition for the re-issuance of the registration; 4) HPT pay a civil penalty of $7250 and $11,750;[1] and 5) HPT pay restitution to the department to cover payments to be made to tile fifteen homeowners. (ROR, Item 7, Hearing Officer's Proposal for Decision dated October 6 1998.) As previously indicated, this order was adopted by the department as its final decision on December 3, 1998. (ROR, Item 8, Final Decision and Orders dated December 3, 1998). It is from that decision that HPT has now appealed.
The sole basis of HPT's appeal is that the record does not support the decision as rendered by the hearing officer. (Appellant's Brief, p. 2.) HPT objects to the result because it introduced video tape of the driveways at the hearing and had an expert, civil engineer testify to the quality of the work. He also objects to the failure of the hearing officer to view the properties in question.
In an administrative appeal, the UAPA sets forth the standard of review for the court.[2] As the Appellate Court stated in DomesticViolence Services of Greater New Haven v. FOIC, 47 Conn. App. 466,469-70 (1998):
 The scope of permissible review is governed by § 4-183(j) and is very restricted. See Cos Cob Volunteer Fire Co. No. 1, Inc. v. Freedom of Information Commission, 212 Conn. 100, 104, 561 A.2d 429
CT Page 5634 (1989); New Haven v. Freedom of Information Commission, 205 Conn. 767, 774, 535 A.2d 1297
(1988). Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [agency]. CH Enterprises, Inc. v. Commissioner of Motor Vehicles, 176 Conn. 11, 12, 404 A.2d 864 (1978); DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587, 589, 362 A.2d 840
(1975). . . . The conclusion reached by the [agency] must be upheld if it is legally supported by the evidence. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, we cannot disturb the conclusion reached by him. Hart Twin Volvo Corporation v. Commissioner of Motor Vehicles, 165 Conn. 42, 49, 327 A.2d 588 [(1973)]. See Paul Bailey's, Inc. v. Kozlowski, 167 Conn. 493; 496-97, 356 A.2d 114 (1975). Lawrence v. Kozlowski, 171 Conn. 705, 708, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977). Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its orders, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Dolgner v. Alander, supra, 237 Conn. [272,] 280-81 [(1996)].
(Citations omitted; internal quotation marks omitted.)
Here, the hearing officer and then the Commissioner chose to believe the complaining witnesses and not to credit the testimony and video tapes of HPT.[3] The record certainly shows that there was substantial evidence to support their findings and conclusions. Each of the complainants testified that they had paid HPT funds and had not received the value of their contract, and in some instances to the failure of HPT to meet legal requirements of entering into contracts with the homeowner.[4]
The fact that the department did not accept the opinion of HPT's expert is not legally significant. Clearly; the hearing officer was entitled to "believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part. . . ." (Citations omitted.)Bancroft v. Commissioner of Motor Vehicles, 48 Conn. App. 391, 400, cert. denied, 245 Conn. 917 (1998); Settani v. Commissioner of Motor Vehicles, CT Page 563548 Conn. App. 418, cert. denied, 245 Conn. 916 (1998).
Finally, while HPT claims that the hearing officer should have gone to each site in question to see HPT's work, the record does not indicate that HPT made a motion to the hearing officer that a view take place. The record indicates that brief mention is made by the hearing officer about seeing one property, but no follow-up request was made by HPT that this be accomplished. (ROR, Item 2, Transcript of Hearing on July 8, 1998, p. 138.)
As our Supreme Court has stated: "The plaintiff must do more than simply show that another decision maker, such as the trial court, might have reached a different conclusion. Rather . . . the plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's decision. . . ." (Citation omitted.)Samperi v. Inland Wetlands Agency, 226 Conn. 579, 587 (1993). Since HPT has failed to meet its burden, the appeal is hereby dismissed.
Henry S. Cohn, Judge