## C and H Enterprises, Inc. *v.* Commissioner of Motor Vehicles

House, C. J., Cotter, Loiselle, MacDonald and Bogdanski, Js.

Argued October 3—decision released November 19, 1974

*Stanley Cohen,* with whom, on the brief, was *Alan B. Silver,* for the appellant (plaintiff).

*John F. Gill,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellee (defendant).

Bogdanski, J. This is an appeal from an order suspending the plaintiff's repairer's license and wrecker registrations and plates for a period of three days. Those suspensions were ordered pursu-

ant to §§ 14-64 and 14-66 (a) of the General Statutes following a motor vehicle department hearing. The defendant commissioner concluded that the plaintiff had violated § 14-51 of the General Statutes and § 14-63-4 (e) of the regulations of the motor vehicle department by failing to employ a qualified mechanic to make repairs. The plaintiff appealed to the Court of Common Pleas which dismissed the appeal. From the judgment rendered thereon, the plaintiff has appealed to this court.

The plaintiff has assigned error in the court's conclusion that the evidence before the commissioner reasonably supported his determination that the plaintiff violated § 14-51 of the General Statutes. That section in part reads: "A 'repairer' includes any *qualified* person, having a suitable place of business and having adequate equipment, engaged in repairing, overhauling, adjusting, assembling or disassembling any motor vehicle." (Emphasis added.) Section 14-63-4 of the regulations in part reads: "The following minimum requirements for qualification as a repairer are established: . . . (e) Personnel and equipment: (1) *The applicant shall be a qualified mechanic or have at least one in his employ who has a thorough knowledge of the services to be rendered.*" (Emphasis added.) Regs., Conn. State Agencies § 14-63-4.

In making his determination the commissioner had the following evidence before him: The plaintiff towed the complainant Martin's disabled motor vehicle to its service station and informed him that his car had a blown head gasket. He was told that the vehicle could be repaired by the next day, Wednesday, for a charge of between sixty and sixty-five dollars. The car was not repaired on Wednes-

day. The following Friday, Martin was informed that his car was ready, but he found that it would not run properly. He was then told it would be ready by the next day. On Saturday, Martin found his car to be in the same condition it had been in on the previous day. He was able, however, to drive it away, but not before paying the plaintiff's bill of $195.15. The person who did most of the repair work on the car testified that he was employed by the plaintiff as a mechanic; that he had removed the head of the motor, taken it apart and reassembled it; and that his experience was limited to the repair of transmissions. Because the vehicle could "hardly move," Martin took it to an experienced repairer who found, upon inspection, that wires were lying over the manifold; that the engine raced at 1500 revolutions per minute; that the valve covers were put on in reverse; that the spark plug wiring was routed incorrectly; that the valve cover gaskets were not replaced; that the alternator was mounted incorrectly; that the intake manifold bolts were only hand tight; and that none of the gaskets was sealed properly in the intake system. The car was subsequently put in operable condition at an additional expense of $70.86. After Martin lodged a complaint with the defendant commissioner, the plaintiff agreed to refund $100 to Martin.

If the decision of the commissioner is reasonably supported by the evidence, it must be sustained. *Demma* v. *Commissioner of Motor Vehicles,* 165 Conn. 15, 17, 327 A.2d 569. The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency. *Hart Twin Volvo Corporation* v. *Commissioner of Motor Vehicles,* 165 Conn. 42, 49, 327 A.2d 588. Since the evidence printed in the appendix

amply supports the trial court's conclusion, it cannot be disturbed. The suspension of the plaintiff's repairer's license was proper and authorized under § 14-64 of the General Statutes. That section empowers the commissioner to suspend a repairer's license when, after notice and hearing, it is determined that the repairer has violated any provision of §§ 14-51 to 14-65a of the General Statutes.

The commissioner also suspended the plaintiff's wrecker registrations and plates as a consequence of the suspension of its repairer's license. Section 14-66 (a) of the General Statutes provides that a person, firm or corporation engaged in the business of operating a wrecker for the purpose of towing or transporting for compensation disabled motor vehicles must be a licensed dealer or repairer. Since the plaintiff could not be a licensed repairer during the period of suspension, it could not, by law, engage in the wrecker business at the same time.

The plaintiff claims that § 14-66 (a) violates the due process and equal protection guarantees of the United States constitution and the constitution of Connecticut insofar as it permits only licensed repairers and dealers to operate wreckers on the highways of this state. U.S. Const. amend. XIV § 1; Conn. Const. art. I §§ 1, 8.

Lawful businesses affecting the public health, safety and welfare may be regulated under the police power of the state. *Hartland* v. *Jensen's, Inc.,* 146 Conn. 697, 701, 155 A.2d 754; *Amsel* v. *Brooks,* 141 Conn. 288, 293, 106 A.2d 152, appeal dismissed, 348 U.S. 880, 75 S. Ct. 125, 99 L. Ed. 693. In exercising that police power the legislature has a broad discretion, both in determining what the public welfare requires, and in fashioning legislation to meet

that need. *Mott's Super Markets, Inc.* v. *Frassinelli,* 148 Conn. 481, 487, 172 A.2d 381; *Pierce* v. *Albanese,* 144 Conn. 241, 249, 129 A.2d 606, appeal dismissed, 355 U.S. 15, 78 S. Ct. 36, 2 L. Ed. 2d 21. The court's function in examining the constitutionality of police legislation regulating the conduct of a business is to decide whether the enactment serves some need of the public health, safety, convenience and welfare in a reasonable and impartial way. *Mott's Super Markets, Inc.* v. *Frassinelli,* supra; *Leach* v. *Florkosky,* 145 Conn. 490, 495, 144 A.2d 334; *United Interchange, Inc.* v. *Spellacy,* 144 Conn. 647, 654, 136 A.2d 801. The legislation and the prohibition imposed must have some rational relationship to the preservation and promotion of the public welfare. *Amsel* v. *Brooks,* supra, 295. If it meets this test, it satisfies the constitutional requirements of due process and equal protection of the laws. *Pierce* v. *Albanese,* supra.

A reading of § 14-66 in its entirety leaves no doubt that it was designed to serve the safety and welfare of the motoring public on the highways of this state. See note, 42 A.L.R.2d 1208, and cases cited therein. The requirement that those permitted to tow disabled motor vehicles for compensation be licensed motor vehicle repairers is not on its face unreasonable. As the facts of this very case demonstrate, that requirement does have a rational relationship to the preservation and promotion of the public welfare.

There is no error.

In this opinion the other judges concurred.