## C & H Enterprises, Inc. *v.* Commissioner of Motor Vehicles

Cotter, C. J., Loiselle, Bogdanski, Longo and Peters, Js.

Argued June 8—decision released August 15, 1978

*Stanley Cohen,* for the appellant (plaintiff).

*John F. Gill,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (defendant).

Cotter, C. J. Pursuant to a hearing, the defendant commissioner found that the plaintiff had vio-

lated § 14-66[1] of the General Statutes and § 14-63-35[2] of the regulations of the motor vehicle department by engaging in the business of operating a wrecker for the purpose of towing, for compensation, a disabled motor vehicle when it did not have on file with the defendant a schedule of rates and charges. As a result of its decision, the defendant ordered that the plaintiff's repairer's license be suspended for a period of three days and that it post a $1000 bond. Following a dismissal of its appeal to the Court of Common Pleas, the plaintiff has appealed to this court.

Judicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, §§ 4-166 through 4-189), and the scope of that review is very restricted. *Lawrence* v. *Kozlowski*, 171 Conn. 705, 372 A.2d 110. Neither this court nor the trial court may retry the case or substitute its own judgment for that of the defendant. Id., 707–708; General Statutes § 4-183 (g). The credibility of witnesses and the determination of factual matters are within the province of the administrative agency, and we

---

[1] "[General Statutes] Sec. 14-66. WRECKERS; SCHEDULE OF RATES. (a) No person, firm or corporation shall engage in the business of operating a wrecker for the purpose of towing or transporting for compensation motor vehicles which have been disabled or wrecked unless such person, firm or corporation is a motor vehicle dealer or repairer licensed under the provisions of subdivision (D) of this part and has filed with the commissioner, in simple and concise form, a schedule of rates and charges, including but not limited to storage charges, for services to be rendered within the state. . . ."

[2] "[Motor Vehicle Department Regulations] Sec. 14-63-35. RATE FILING AND FORMS. Each wrecker service shall make the filing required by section 14-66 of the General Statutes with respect to its rates and charges on forms provided by the commissioner. The motor vehicle storage rates furnished in such filing shall specify the maximum charges to be made for a twenty-four hour period. . . ."

cannot disturb the commissioner's decision if it is reasonably supported by the evidence printed in the appendices to the briefs.

The testimony and the exhibits presented at a departmental hearing disclose the following facts: At approximately 12:45 a.m., on January 21, 1975, a state capitol police officer observed the operator of a Fiat automobile driving into a parking space on the grounds of the state capitol and revving up the motor. The operator left the car, and the officer, upon inspecting the vehicle, called the state police. At approximately 2:30 a.m., a state trooper arrived and examined the car, which was an older model Fiat with Vermont registration plates. The inside of the vehicle was "littered with junk," it was without taillights and was "pretty well smashed up," and there was a key in its ignition. The trooper was unable to start the vehicle and thereupon he radioed his department for a wrecker to tow the vehicle from the state capitol grounds. A wrecker belonging to the plaintiff arrived at the scene and towed the Fiat to the plaintiff's service station in Hartford. Subsequently, the plaintiff submitted a bill to the state police department in the amount of $87 for the towing and storage of the automobile at the request of the police.[3]

---

[3] The facts establishing the events which occurred on the day in question were adduced at the hearing through the testimony of the defendant's witnesses. Since the commissioner's conclusions are supported by this unchallenged testimony, the plaintiff's claim that reversible error was committed by the admission of an interdepartmental state police memo is without merit. *Lawrence* v. *Kozlowski*, 171 Conn. 705, 714–15, 372 A.2d 110. Similarly, the bill sent by the plaintiff to the state police was properly admitted into evidence at the hearing as an admission of a party-opponent. *Bonner* v. *Winter*, 175 Conn. 41, 44, 392 A.2d 436; McCormick, Evidence (2d Ed.) § 310.

Since the plaintiff, in its brief, does not dispute the fact that it did not have a schedule of rates and charges on file with the defendant on the date in question, it is apparent that the above-recited facts amply support the conclusion that the plaintiff had violated § 14-66 of the General Statutes and § 14-63-35 of the department's regulations and thereby warranted the suspension of the plaintiff's license as authorized by § 14-64 (1) of the General Statutes.[4] See *Demma* v. *Commissioner of Motor Vehicles,* 165 Conn. 15, 17, 327 A.2d 569.

The principal claim of the plaintiff is that § 14-66 of the General Statutes and § 14-63-35 of the regulations of the motor vehicle department violate the equal protection guarantees of the federal and state constitutions because they require persons who engage in the business of operating wreckers for compensation to file with and for the defendant's approval a schedule of rates to be charged for the storing of motor vehicles, but do not require such a filing by those not engaged in the business of operating wreckers for compensation but who also charge for storage of motor vehicles in the ordinary course of their business. Both provisions of the federal and state constitutions have substantially the same meaning and impose the same constitutional limitations; *Horton* v. *Meskill,* 172 Conn. 615, 639, 376 A.2d 359; they do not prevent the legislature from dealing differently with different classes of persons provided the statute and regulation do not constitute invidious discrimination; *Avery* v.

---

[4] "[General Statutes] Sec. 14-64. SUSPENSION AND REVOCATION OF LICENSES. The commissioner may suspend or revoke the license or licenses of any licensee when, after notice and hearing, he finds that such licensee has (1) violated any provision of any statute or regulation . . . pertaining to his business as a licensee . . . ."

*Midland County,* 390 U.S. 474, 88 S. Ct. 1114, 20 L. Ed. 2d 45; *Karp* v. *Zoning Board,* 156 Conn. 287, 294, 240 A.2d 845; they do not demand identical treatment for all persons without consideration of differences in relevant circumstances. *Truax* v. *Corrigan,* 257 U.S. 312, 332, 42 S. Ct. 124, 66 L. Ed. 254.

In *C & H Enterprises, Inc.* v. *Commissioner of Motor Vehicles,* 167 Conn. 304, 307–308, 355 A.2d 247, we upheld the constitutionality of § 14-66 (a) as a valid exercise of the police power of the state insofar as it permits only licensed repairers and dealers to operate wreckers on the highways of this state. Likewise, the portion of § 14-66 (a) and of the corresponding regulation challenged in the present case bears a rational relationship to the preservation and promotion of the public welfare by protecting motorists who sustain breakdowns on the highways of this state against overcharges by those who engage in the business of towing disabled motor vehicles for compensation. Since those who, like the plaintiff, engage in the business of operating wreckers for compensation frequently pick up motor vehicles and transport them to storage areas without the knowledge or consent of the owners, the required filing of rates and charges serves the need of the public welfare "in a reasonable and impartial way." Id., 308.

In applying the equal protection clause to social and economic legislation, courts give great latitude to the legislature in making classifications. *Levy* v. *Louisiana,* 391 U.S. 68, 71, 88 S. Ct. 1509, 20 L. Ed. 2d 436, rehearing denied, 393 U.S. 898, 89 S. Ct. 65, 21 L. Ed. 2d 185; *State* v. *Kievman,* 116 Conn. 458, 467–68, 165 A. 601. The statute and regu-

lation in question have a rational relationship to the welfare of the motoring public and thus are not constitutionally infirm.

We do not consider the further claim of the plaintiff that the regulation in question is void for lack of guidelines, since it was not raised by the plaintiff in its appeal to the court below. *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576; *State* v. *Lombardo,* 163 Conn. 241, 245, 304 A.2d 36.

The final claim of the plaintiff that its license was suspended by the defendant a second time for the same alleged violation is not persuasive. The suspension of the plaintiff's repairer's license was stayed by the Court of Common Pleas pending a final determination of the plaintiff's appeal to that court. Through an oversight, notice of this stay was not given by the defendant to the police department of the city of Hartford and the state police department, and, as a result, the plaintiff's name was omitted from police towing lists for approximately one full day. When this problem was called to the attention of the defendant, however, a hearing was held. Pursuant to that hearing, the defendant reduced the plaintiff's period of suspension from three to two days.

There is no error.

In this opinion the other judges concurred.