[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, plaintiff Sherry Murchie timely appeals from the decision of the defendant Commissioner of Motor Vehicles suspended pursuant to 14-227b General Statutes for refusing testing in conjunction with her arrest for driving while under the influence. Plaintiff is aggrieved by said decision.
The only issue briefed by plaintiff is her claim that the hearing officer erred in finding that she had refused testing. This particular finding is an essential prerequisite to a license suspension:
 . . . The hearing [of the Department of Motor Vehicles] shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for manslaughter in the second degree with a motor CT Page 5664 vehicle or for assault in the second degree with a motor vehicle or for operating a motor vehicle or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle (emphasis added) . . .
Thus, if plaintiff can prevail on her claim that the evidence did not support a finding that she refused testing, the appeal must be sustained.
 `Judicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted. Lawrence v. Kozlowski, 171 Conn. 705, [707-708] 372 A.2d 110 (1976). Neither this court nor the trial court may retry the case or substitute its own judgment for that of the defendant.' C H Enterprises, Inc. v. 404 A.2d 864 (1978); DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587, 589, 362 A.2d 840 (1975); see General Statutes 4-183 (g). [footnote omitted] `The court's ultimate duty is only to decide whether, in light of the evidence, the [commissioner] has acted unreasonably, arbitrarily, illegally, or in abuse of [his] discretion.' Burnham v. Administrator, 184 Conn. 317, 322, 439 A.2d 1008 (1981); Riley v. State Employees' Retirement Commission, 178 Conn. 438, 441, 423, A.2d 87 (1979); see also Persico v. Maher, 191 Conn. 384, 409, 465 A.2d 308 (1983).
Buckley v. Muzio, 200 Conn. 1, 3, 509 A.2d 489 (1986). Section 4-183(j) General Statutes specifically states that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. Despite these limitations, it is the court's function in an administrative appeal to assure that the record discloses substantial and competent evidence to support the findings of the hearing tribunal. See Lawrence v. Kozlowski, 171 Conn. 705, 713-14,372 A.2d 110 (1976). The transcript in the present case has been CT Page 5665 carefully reviewed against this exacting standard of judicial review.
Plaintiff cites Wheatley v. Commonwealth, Department of Transportation, 521 A.2d 507 (Pa.Cmwlth. 1987) in support of her claim. The court in Wheatley ruled that a refusal to sign an implied consent form is not to be equated with a refusal to take a breath test and, thus, cannot be the basis for a license suspension. In her present case, the hearing officer did not find merely that plaintiff refused to sign the forms. The officer entered a finding that plaintiff had refused to take the test — the specific finding necessary to a license suspension. The first mention in the transcript to a refusal to take the test was made, not by a witness, but by the hearing examiner in a question to the arresting officer:
 Q. You stated that Ms. Murchie told you that she did not want to submit to the tests?
A. Exactly.
T. p. 9.
The officer had not so stated. In fact, the only prior mention of plaintiff's refusing anything was her refusal to sign the forms. T. p. 7, see also pp. 11, 12. Moreover, the officer testified that it is the policy of his department to write "refused" when a person refuses to sign the form. T. p. 11; see Record, item #5. Even more compelling is the repeated testimony of the officer that upon plaintiff's refusal to sign the form, he made an entry that said she refused the tests. T. pp. 16-17, 22; Record, item #5. The form in question is merely a notice of rights. It makes no mention of any tests. It is also noted that the evidence shows plaintiff did cooperate with the officer in taking the field tests.
In our society a license to operate a motor vehicle is an extremely important property right almost invariably associated with the transportation necessary to earn a living. While every effort must be made to enforce the penalties against drunk driving, it serves no purpose to do so at the expense of the rights which protect us all. The evidence on the record before the court does not support the finding that plaintiff refused chemical testing. It shows no more than that which she claims — that she refused to sign the notice of rights. Accordingly, the appeal is sustained.
DUNNELL, J.