[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Commissioner of Motor Vehicles ordering the suspension of plaintiff's right to operate a motor vehicle in Connecticut for a period of six months in accordance with the provisions of Connecticut General Statutes 14-227b.
For reasons hereinafter stated the issues are found for defendant and the decision appealed from is affirmed.
The basic facts underlying these actions are not in dispute and may be summarized as follows:
On the evening of December 19, 1992, plaintiff, who held a Virginia driver's license not a Connecticut license, was arrested for operating under the influence in violation of General Statutes14-227a. In connection with such arrest plaintiff was informed of his constitutional rights under Miranda v. Arizona, 384 U.S. 436
(1966). The arresting officer used a Town of Groton Police Department warning form to advise plaintiff of such rights. Plaintiff signed the form and initialed on the appropriate line indicating CT Page 8938 that he had been read his rights and that he understood them. The form contained the following language:
WARNING
 The Constitution requires that I inform you, Gaskins, Ryland C. of your rights before we ask you any questions. You have the right to remain silent. If you talk to any Police Officer anything you say can and will be used against you in court.
 You have the right to consult with a lawyer before your questioning, and you may have him with you during questioning.
 If you cannot afford a lawyer, one will be appointed for you, if you wish, before any questioning.
 If you wish to answer questions you have the right to stop answering at any time.
 You may stop answering questions at any time if you wish to talk to a lawyer, and you may have him with you during any further questioning.
Plaintiff was given the opportunity to contact an attorney but he was unable to make contact with an attorney.
The officer requested plaintiff to submit [to] a chemical alcohol test. The record indicates that in making this request the officer informed plaintiff in accordance with Section E of state form A.44 Rev 9-92. This form contained the following warning:
 ". . . If you refuse to submit, the tests will not be given. Your refusal will result in the revocation of your operator's license for twenty-four (24) hours and the suspension of your operator's license for six (6) months, and suspension for a longer period if this is not your first offense."
Plaintiff was not specifically notified that if he refused to submit to the test he would lose his nonresident operating privileges or that the Miranda warning did not apply to the blood test. The officer filed the appropriate report with defendant commissioner who suspended plaintiff's right to operate a motor vehicle in this state. Within the time limited by statute plaintiff requested a hearing on the suspension. This hearing was held on January 13, CT Page 8939 1993. After the hearing, defendant commissioner, acting by his hearing officer, made the following findings of fact and conclusions of law.
 1. The police officer had probable cause to arrest the above-named operator for a violation specified in Section (b) of Conn. General Statutes 14-227b.
2. The operator was placed under arrest.
3. The operator refused to submit to such test or analysis.
4. Said person was operating the motor vehicle.
Subordinate findings, if any:
 Respondent admits refusing test. Defense that he refused based on inadequate knowledge of law not persuasive.
As a result of the findings and conclusions, defendant commissioner suspended plaintiff's nonresident motor vehicle operating privilege in the state for a period of six months. Plaintiff has instituted the present appeal contesting the validity of the suspension. In considering this appeal, the scope of the court's review is limited by provisions of General Statutes 4-183(i) Buckley v. Muzio, 200 Conn. 1,3 (1986). It is not the functions of the court to retry the case or the substitute its judgment for that of the commissioner. C H Enterprises, Inc. v. Commissioner of Motor Vehicles, 176 Conn. 11, 12
(1978).
The hearing which gave rise to this appeal was by statute limited to a determination of the four separate issues upon which the hearing officer made positive findings. If the commissioner found any one of the issues in the negative he would be required to reinstate plaintiff's operating privileges. General Statutes14-227b(f)(g).
Here plaintiff contests only one of the four positive findings. Plaintiff claims that the finding that he refused to submit to the blood test was improperly made and, therefore, the decision should be reversed. In this connection plaintiff raises two issues which will be considered separately.
I. CT Page 8940
Plaintiff contends that the conclusion that he refused to submit to a blood test was made in contravention of his guarantee of due process under the fourteenth amendment to the United States Constitution and, presumably article first 8 of the Connecticut Constitution.
It has been decided that a state's driver's license revocation proceedings must comport with due process standards. Bell v. Burson, 402 U.S. 535, 539 (1971); Lawrence v. Koslowski,171 Conn. 705, 716 n. 8 (1976). Plaintiff claims that the three factors mentioned in Mathews v. Eldridge, 424 U.S. 319 (1976) are applicable and that the procedure used violated plaintiff's right to due process thus depriving him of his liberty interest in transportation.
It is plaintiff's contention that he received the Miranda warning in which he was advised, among other things, that he had a right to remain silent and that if he elected to make a statement he could stop at any time. The warning was followed by a request to take a blood test and another warning that if he refused it would result in the suspension of his operator's license. Plaintiff argues that under the circumstances it would be natural for a party to rely on the Miranda warning and assume that he had a right to refuse to take the blood test. This procedure, it is claimed, was so misleading and unfair [as] to constitute a deprivation of due process.
Defendant points out that the Miranda warning involves only the constitutionally protected right to have an attorney and to remain silent. Constitutional protection has not been extended to cover chemical testing for blood alcohol. A refusal to submit to chemical testing for purposes of an administrative sanction need not be knowing and intelligent, for it is not analogous to the waiver of constitutional rights by a person accused of a crime. A person has no constitutional right to withhold nontestimonial evidence when the state's demand is supported by probable cause. Buckley v. Muzio, 200 Conn. 1, 8 (1986). In Buckley the court went on to point out that the motorist is given the choice to refuse the test and, thereby, suffer the consequences. For this reason the argument presented by plaintiff is not relevant.
The requirement that an intoxicated motorist understand the consequences of a refusal to submit to chemical testing would render General Statutes 14-227b functionally unworkable. Intoxicated persons invariably contend that they did not comprehend the nature of their acts. Id. 7. CT Page 8941
It is plaintiff's claim that the manner in which the two warnings were given was so unfair and misleading that he was confused and relied on the Miranda warning to conclude that he could refuse the chemical test with impunity.
This argument fails when the actual language of the warnings is compared. The Miranda warning is specific and informed plaintiff only that he has a right to remain silent. It makes no mention of the chemical test. The statutory warning is also specific and mentions the chemical test and the administrative action which could result from a refusal to take the test. Considering the plain language used in the warnings it is not reasonable to conclude that anyone could be misled.
It cannot be found that plaintiff has established any deprivation of due process.
II.
The second issue raised by plaintiff is a claim that he was not notified that his out-of-state operating privileges would be suspended if he refused to take the chemical test.
General Statutes 14-227b(b) states that a person arrested for a violation of 14-227a must be informed that his "license or nonresident operating privilege" would be suspended if he refuses the chemical test. The A-44 report, used by the officer to warn plaintiff of his rights and what would happen if he refused to perform the chemical test uses the phrase "operator's license." The form contains no specific mention of "nonresident operating privileges."
Plaintiff argues that since the statute makes a distinction between "license" and "nonresident operating privileges" it was necessary that he be specifically warned that his nonresident operating privileges would be suspended if he refused to take the test.
The argument advanced by plaintiff is unreasonable under the circumstances. Plaintiff was advised that if he refused the test his operator's license would be suspended. It is difficult to see how he could have misunderstood the plain language of this advisement or how he could have assumed that it did not apply to him.
The warning given was in substantial compliance with the CT Page 8942 statute. It clearly informed plaintiff as to what to expect if he refused the test and properly allowed defendant commissioner to take the action appealed from. It is inappropriate for the trial court to indulge in a microscopic search for technical infirmities in the commissioner's action. Braza v. Real Estate Commission,177 Conn. 515, 519 (1979).
On both of the issues raised by plaintiff in light of the evidence, it cannot be found that defendant acted unreasonably, arbitrarily or in abuse of his discretion.
Accordingly, judgment is rendered for defendant and the decision appealed from is affirmed.
Purtill, J.