[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal from a final decision by the defendant, City of Hartford Zoning Board of Appeals ("ZBA"), approving a request by the defendant, Luciano Treviso ("Applicant"), for a variance to install a canopy over two gasoline pumps which the Applicant was installing at an existing gasoline service station located at 125 New Britain Avenue, Hartford, Connecticut. Here, the plaintiff claims that the ZBA's approval is arbitrary, capricious, and an abuse of discretion.
By way of background, on November 17, 1997, the Applicant made an application to the ZBA for a special permit to install two additional gasoline pumps on its property, a primary use of which is the retail sale of gasoline. This request did not require a variance. The application also contained a request for a variance to permit a proposed canopy to be constructed over the new pump island to extend ten feet forward of the fifteen foot building line along Broad Street, Hartford.
The ZBA referred the application to the commission on the city plan. The commission on the city plan voted unanimously to recommend to the ZBA that the application be approved. (Return of Record ("ROR"), Item #4.) Additionally, the commission on the city plan staff found that the canopy would not be detrimental to the appearance of the site and would provide protection to customers from the elements. The staff also found that the canopy would not be an obstruction within the public right of way and would not impair visibility. (ROR, Item #5, p. 4.) CT Page 1627
On January 6, 1998, the ZBA held a hearing on the application at which time the Applicant's attorney addressed the ZBA, various exhibits were introduced, and the ZBA heard the testimony of John Treviso, the Applicant, and John Zito, President of the New Britain Avenue Merchants Association. The plaintiffs representative, Sam Levine, also attended this meeting and spoke against the application. The ZBA voted to approve the application, granting a special permit to allow the new pump island along Broad Street and granting the variance to permit the construction of a canopy forward of the building line on Broad Street to cover the new pump area.
This administrative appeal to the Superior Court from that decision was timely filed on February 5, 1998. The plaintiff is the owner of property located at 145 New Britain Avenue, Hartford, which is located directly across Broad Street to the west of the Applicant's property. (Complaint, ¶¶ 1, 2.) The plaintiffs property also contains a one story gasoline station/convenience store. (ROR, Item #5, p. 2.) The plaintiff is aggrieved by the ZBA's decision.
It should be noted that in its complaint the plaintiff appealed the ZBA's decision to permit the additional pump island containing two new pumps and the installation of the canopy. Subsequently, in its brief dated September 25, 1998, the plaintiff states that it does not appeal the issuance of the special permit for the additional pump island containing the two additional gasoline pumps. (Plaintiff's Brief, p. 2, n. 1.) Thus, this appeal is limited to the granting of the variance to allow the construction of the canopy to cover the new gasoline pumps. Here, the plaintiff claims that the ZBA acted illegally and arbitrarily in granting the variance for the canopy because there is no evidence in the record to support the Applicant's claim of undue hardship.
The court reviews the issues in accordance with the limited scope of judicial review afforded by the Uniform Administrative Procedure Act. Dolgner v. Alander, 237 Conn. 272, 280 (1996). The scope of permissible review is governed by § 4-183(j)[1] and is very restricted. Cos Cob Volunteer Fire Co. No. 1. Inc. v.Freedom of Information Commission, 212 Conn. 100, 104 (1989); NewHaven v. Freedom of Information Commission, 205 Conn. 767, 774
(1988). The court may not retry the case or substitute its judgment for that of the agency. C H Enterprises, Inc. v.CT Page 1628Commissioner of Motor Vehicles, 176 Conn. 11, 12 (1978). "The conclusion reached by the defendant must be upheld if it is legally supported by the evidence. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . ., which reasonably supports the decision of the commissioner, we cannot disturb the conclusion reached by him.Hart Twin Volvo Corporation v. Commissioner of Motor Vehicles,165 Conn. 42, 49, 327 A.2d 588. See Paul Bailey's, Inc. v.Kozlowski, 167 Conn. 493, 496-97, 356 A.2d 114." (Citations omitted; internal quotation marks omitted.) Lawrence v.Kozlowski, 171 Conn. 705, 708 (1976), cert denied, 431 U.S. 969
(1977). "Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . ." (Citations omitted.) Dolgner v. Alander, supra, 237 Conn. 280-81.
Where a zoning authority has stated reasons for its decision, a reviewing court may determine only if those stated reasons are supported by the record and are relevant to the decision. Horn v.Zoning Board of Appeals, 18 Conn. App. 674, 676 (1989). Where a zoning board of appeals fails to state reasons for its decision, as is the case here, the court must search the record for a basis for the board's decision. Connecticut Resources RecoveryAuthority v. Planning Zoning Commission, 225 Conn. 731, 743
(1993).
The law is clear that the granting of a variance must be reserved for unusual or exceptional circumstances. "An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone. . . ." (Citations omitted.) Dolan v. Zoning Board ofAppeals, 156 Conn. 426, 430 (1968). A zoning board of appeals may grant a variance only when two basic requirements are met: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. . . ." (Citations omitted: internal quotation marks omitted) Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368
(1998). Proof of exceptional difficulty or unusual hardship is a prerequisite for the granting of a zoning variance. Point O'WoodsCT Page 1629Assn., Inc. v. Zoning Board of Appeals, 178 Conn. 364, 368
(1979). "A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance; and neither financial loss nor the potential for financial gain is the proper basis for granting a variance." (Citations omitted).Bloom v. Zoning Board of Appeals, 233 Conn. 198, 208 (1995).
In addition to common law standards, § 35-124 of the Hartford Municipal Code, provides that the ZBA has the power to issue a variance from the provisions of the code when, by reason of exceptional topographic conditions or other extraordinary situations or conditions, the strict application of the code would result in unusual difficulty or unreasonable hardship. The section of the code which required the variance is § 35-366 which provides that there be a fifteen foot wide front yard for every B-3 principal structure and that such yard be unoccupied and unobstructed from the ground upward. The Applicant's property is in a B-3 zone. The Applicant seeks to install a canopy ten feet into this fifteen foot set back area and, can do so only with a variance.
This court has examined the entire record and has found little to support the code's requirement of unusual difficulty or unreasonable hardship for the canopy, and, similarly, the common law standard for proving hardship. Section 35-124(a)(2) of the Hartford Municipal Code, provides, in pertinent part:
 Before granting a variance on the basis of unusual difficulty or unreasonable hardship there must be a finding by the board that:
 a. If the owner complied with the provisions of this chapter he would not be able to make any reasonable use of his property,
 b. The difficulties or hardship are peculiar to the property in question in contrast with those of other properties in the same district,
 c. The hardship was not the result of applicant's own action, and
d. The hardship is not merely financial or pecuniary. . . .
The evidence adduced at the hearing before the ZBA showed, as contained in the Applicant's application for the variance, that CT Page 1630 the particular hardship or unnecessary difficulty claimed was merely a safer and more convenient location of the pumps for the customers' use and an easier ingress and egress from Broad Street. Although it was argued before this court that a canopy makes the act of pumping gas at a self serve gas station as safe as possible, there was no evidence presented concerning safety, such as would constitute undue hardship, to the ZBA. Likewise, before this court, the defendants argued that the pertinent regulations create a hardship, since the regulations allow the proposed location of the actual gas pumps, but not a canopy over the gas pumps. However, the location of the gas pumps will be the result of the Applicant's own action.
The ZBA argues that canopies over gas pumps are now customary, and that here, the canopy would be consistent with the character of the neighborhood and the zoning regulations. However, those arguments are not sufficient to show unusual hardship.
In conclusion, there is no substantial evidence in the record which supports the ZBA's finding that there was unusual hardship which would merit the granting of a variance. Accordingly, the plaintiffs administrative appeal is sustained.
Michael Hartmere, Judge