[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 4024
The plaintiffs appeal from a final decision of the defendant, State of Connecticut Department of Consumer Protection, Liquor Control Commission ("Commission"), granting the removal application for Randazzo's Package Store from 87 West Stafford Road to 71 West Stafford Road in Stafford, Connecticut. The appeal is filed pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes §§ 4-166 et seq. and 4-183.
The Commission is established pursuant to General Statutes §30-2 and consists of three commissioners, all of whom heard the case below and participated in the decision. Included within a comprehensive statutory scheme of liquor control[1] is a provision, § 30-52, which controls the location and removal of a permit for the sale of alcohol and liquor. Randazzo's Package Store, a permit holder, was located at 87 West Stafford Road, Stafford, Connecticut. In February of 1999, Mr. Giralamo Randazzo, the owner and permittee of Randazzo's Package Store, filed for and obtained approval from the local zoning enforcement officer in the town of Stafford to move his liquor store to 71 West Stafford Road, Stafford, Connecticut. In May of 1999, pursuant to General Statutes § 30-52(b), Randazzo filed an application with the Commission for the removal of the package store permit from 87 West Stafford Road to 71 West Stafford Road.
Pursuant to General Statutes § 30-39, residents of a town within which a permit is to be operated, may file an objection to the suitability of such applicant or proposed place of business. This objection process is known as a remonstrance. Upon the filing of a remonstrance, the Commission holds a hearing pursuant to General Statutes § 30-39(c). The plaintiffs in this case are residents and taxpayers of the town of Stafford and properly filed a remonstrance against the application for the removal of the permit to the new location.[2]
In an administrative appeal, the UAPA sets forth the standard of review for the courts.[3] "The scope of permissible review is governed by § 4-183(j) and is very restricted. See Cos CobVolunteer Fire Co. No. 1, Inc. v. Freedom of InformationCT Page 4025Commission, 212 Conn. 100, 104, 561 A.2d 429 (1989); New Haven v.Freedom of Information Commission, 205 Conn. 767, 774,535 A.2d 1297 (1988). Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [agency].C H Enterprises, Inc. v. Commissioner of Motor Vehicles,176 Conn. 11, 12, 404 A.2d 864 (1978); DiBenedetto v. Commissioner ofMotor Vehicles, 168 Conn. 587, 589, 362 A.2d 840 (1975). . . . The conclusion reached by the [agency] must be upheld if it is legally supported by the evidence. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, we cannot disturb the conclusion reached by him.Hart Twin Volvo Corporation v. Commissioner of Motor Vehicles,165 Conn. 42, 49, 327 A.2d 588 (1973). See Paul Bailey's, Inc. v. Kozlowski, 167 Conn. 493, 496-97, 356 A.2d 114 (1975). Lawrencev. Kozlowski, 171 Conn. 705, 708, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977). Our ultimate duty is to determine, in view of all the evidence, whether the agency, in issuing its orders, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Dolgner v.Alander, supra, 237 Conn. 272, 280-81 (1996)." (Citations omitted; internal quotation marks omitted.) Domestic ViolenceServices of Greater New Haven, Inc. v. FOIC, 47 Conn. App. 466,469-70 (1998). "The interpretation of statutes presents a question of law. . . . Although the factual and discretionary determinations of administrative agencies are to be given considerable weight by the courts . . . it is for the courts, and not for administrative agencies, to expound and apply governing principles of law. . . ." (Internal quotation marks omitted.) Id., 470-71.
The court finds that the plaintiffs, as residents and taxpayers of the town of Stafford, Connecticut, are aggrieved by the granting of the application for removal of the permit. SeeO'Connor v. Board of Zoning Appeals, 140 Conn. 65, 71-72 (1953),Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 198
(1996).
In their appeal, the plaintiffs essentially raise two issues. The plaintiffs claim that the Commission, pursuant to General Statutes § 30-52, may only allow the removal of the permit in connection with some type of hardship on the permittee. In addition, the plaintiffs assert that under the zoning regulations of the town of Stafford, revised on March 9, 1999, effective CT Page 4026 March 31, 1999, the use of a building for the sale of alcoholic beverages shall require a special permit by the zoning commission. For the reasons set forth below, the court finds these issues for the defendants.
In support of their statutory claim, the plaintiffs cite the history of package store permit regulations, including a moratorium on new permits during the period of June 8, 1981 through June 8, 1986. Following the moratorium's expiration, the legislation introduced limitations related to population were introduced. The plaintiffs also cite Breen v. Department ofLiquor Control, 2 Conn. App. 628 (1984), which noted restrictions on the Commission's authority to allow removals of permits.
The plaintiff further argues that Public Act 1985, No. 85-361, which in response to the Breen decision amended General Statutes § 30-52, was limited to removals during the moratorium period. See Public Act 1985, No. 85-361.
"In matters of statutory interpretation, we are guided by well established principles, paramount among which is the principle that our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . ." (Brackets omitted; "Citations omitted; internal quotation marks omitted.) Assn. of Not-for-Profit Providers forthe Aging v. Dept. of Social Services, 244 Conn. 378, 391, (1998).
The defendants cite specific legislative history, including the comments on the floor by Senator Upson: "[T]his [bill] would allow the Department of Liquor Control to authorize a permittee move to any location for any reason providing the new site complies with the Liquor Control statutes and local zoning ordinances. . . ." 28 S. Proc., Pt. 8, 1995 Sess., p. 2635, remarks of Senator Upson. Senator Upson further comments: "What we're doing is first of all liberalizing the removals. You don't have to show hardship. You don't have to show the certain things you did have to show during the moratorium." 28 S. Proc., Pt. 9, 1995 Sess., p. 2966, remarks of Senator Upson. In addition, the language of the statute is dispositive as to intent. "Nothing in CT Page 4027 subsection (a) of this section or section 30-14a, shall be construed as prohibiting the department from permitting the removal of such permit premises to any location, including a location in another town, for any reason, provided: (1) Removal to the proposed location complies with local zoning laws as required by section 30-44, (2) the proposed location is not found to be unsuitable or prohibited by any other provision of this chapter. . . ." General Statutes § 30-52(b).
The language of General Statutes § 30-52(b) clearly authorizes the Commission to allow the removal of permits in instances other than where the permit owner demonstrates hardship. In this case, the permittee was moving to a location within a mile of his former location, which he believed to be better for his business.
The plaintiffs contention with respect to the local zoning regulations is based on its belief that zoning regulations enacted in March of 1999, effective March 31, 1999, were applicable to the Randazzo application.
The record established that Mr. Randazzo's application for the removal of his permit was filed no later than February 23, 1999, at which time it was approved by the Stafford Zoning Enforcement Officer.
The Commission relies on General Statutes § 8-2h(a), which provides that zoning applications filed prior to change in zoning regulations are not required to comply with such change. That subsection also provides that applications for building permits or certificates of occupancy filed prior to adoption of zoning regulations are not required to comply with the new regulations. Pursuant to General Statutes § 8-12, the zoning enforcement officer is charged with enforcing the local zoning regulations. In acting upon a request for certification that the removal of the permit would be permitted by zoning regulations, the zoning enforcement officer is acting upon an application pursuant to General Statutes § 8-2h(a). The Commission correctly determined that the removal application filed prior to the effective date of the zoning regulations is not subject to the subsequently amended zoning regulations.
The zoning enforcement officer's determination that the zoning regulations of 1994 did not require special permit is substantial evidence of record that a package store was within the category of retail establishment which were permitted uses under such CT Page 4028 regulations.
The decision of the Commission is affirmed and the appeal is dismissed.
ROBERT F. McWEENY