[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal by the plaintiff, Bridgeport Fire Fighters, Local 834, International Association of Firefighters ("Union"), from a decision of the defendant; State of Connecticut Board of Labor Relations ("the Board"), dismissing on August 26, 1999, a complaint against the City of Bridgeport ("the City") for alleged overtime pay violations. The plaintiffs appeal is brought pursuant to General Statutes §§ 4-183 of the Uniform Administrative Procedure Act, 7-471 and 31-109.
The Board made findings of fact in its decision that may be summarized as follows: the City in 1995 instituted a collective bargaining agreement interpretation with its firefighter employees that filled overtime vacancies only with firefighters. and not personnel with different higher ranks. By letter dated September 7, 1995, the Union filed numerous grievances at Step 1 challenging the City's filling of all available overtime vacancies only with firefighters. On September 27, 1995, some of the overtime grievances were heard and denied by the Board of Fire Commissioners at Step 2. On October 12, 1995, the overtime grievances were presented to the City Civil Service Commission at Step 3. The CT Page 13779 minutes of the Commission meeting reflect the following:
 According to Mr. Shevlin [Union president], on those [overtime] issues, the City and the Union had agreed to waive this step of the grievance procedure. He said that the parties would meet between today and November 30th to settle them. If there was no settlement or outcome, the Union would file to the State Board of Mediation and Arbitration, or Triple A, at that time.
 David Dunn, a consultant to the City in Fire matters, said that the purpose of the waiver was to allow both parties an opportunity to meet and discuss, to see if matters could be settled on travel and longevity.
(Return of Record ("ROR"), Item 11, Decision 3723, ¶ 16.)
The record does not reflect whether the parties met to try and resolve the grievances before November 30, 1995. The Union did not file any of the overtime grievances to arbitration. In April 1997, the parties negotiated a new overtime assignment system, resolving all pending grievances that had been filed protesting the City's manner of distributing overtime. (ROR, Item 11, Decision 3723, ¶¶ 14-18.) The Union filed a complaint with the Board on December 16, 1996, as amended on May 12, 1998, to allege that the City had repudiated certain overtime provisions.
The Board held hearings on the Union's complaint, and at a hearing of February 22, 1999, prior to presentation of its case, the City made an oral motion to dismiss the complaint on the ground of res judicata This motion was subsequently granted on August 26, 1999, with two members of the Board in the majority, and one dissenting. This appeal followed.[1]
The court reviews the issues raised by the plaintiff in accordance with the limited scope of judicial review afforded by the Uniform Administrative Procedure Act ("UAPA"). Dolgner v. Alander, 237 Conn. 272,280 (1996). "The scope of permissible review is governed by § 4-183
(j) and is very restricted. See Cos Cob Volunteer Fire Go. No. 1, Inc.v. Freedom of Information Commission, 212 Conn. 100, 104,561 A.2d (1989); New Haven v. Freedom of Information Commission,205 Conn. 767, 774, 535 A.2d 1297
(1988). . . . [T]he trial court may [not] retry the case or substitute its own judgment for that of the defendant. CHEnterprises, Inc. v. Commissioner of Motor Vehicles, 176 Conn. 11, 12,404 A.2d 864 (1978); DiBenedetto v. Commissioner of Motor Vehicles,168 Conn. 587, 589, 362 A.2d (1975); see General Statutes § 4-183
CT Page 13780 (g). New Haven v. Freedom of Information Commission, supra, 773. The conclusion reached by the defendant must be upheld if it is legally supported by the evidence. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, we cannot disturb the conclusion reached by him. Hart Twin Volvo Corporation v. Commissioner ofMotor Vehicles, 165 Conn. 42, 49, 327 A.2d 588. See Paul Bailey's Inc.v. Kozlowski, 167 Conn. 493, 496-97, 356 A.2d 114 (1975). Lawrence v.Kozlowski, 171 Conn. 705, 708, 372 A.2d 110 (1976), cert. denied,431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977). Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its orders, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Dolgner v. Alander, supra, 237 Conn. 280-81." (Internal quotation marks omitted.) Domestic Violence Services of GreaterNew Haven, Inc. v. FOIC, 47 Conn. App. 466, 469-70 (1998); see also StateBoard of Labor Relations v. South Windsor, 39 Conn. Sup. 338, 345
(1983).
The majority of the Board granted the City's motion to dismiss based upon the case of City of New London, No. 2443 (1985). The City of NewLondon doctrine results from a recognition by the Board that "it would be wholly arbitrary to follow such an approach where grievances are resolved by an arbitration award, but refuse to follow that course where a grievance has been resolved at an earlier step of the grievance procedure." City of New London, No. 2443, p. 7 (1985).
The City of New London rule provides that if a grievance had previously been filed challenging the same employer action as challenged in the prohibited practice complaint to the Board, and the Union failed to bring the grievance to binding arbitration after denial of the grievance on the merits, the Union will be barred (by res judicata) from challenging before the Board the employer's interpretation of the contract. The rule requires that the Board make four findings regarding the nature of the grievance procedure; it also requires an initial determination of whether the grievances were in fact filed to arbitration after an adverse determination on the merits. Norwalk Third Taxing District, No. 3695 (1999).
The record presented to the Board makes clear that a number of the overtime grievances were heard and denied on the merits by the Board of Fire Commissioners at Step 2 of the grievance procedure. The record also shows that the Union failed to file its grievances to arbitration. It is undisputed that the parties agreed to waive Step 3 of the grievance procedure in an attempt to settle the dispute on or before November 30, 1995. The Union, in addition, expressly reserved its right to file the CT Page 13781 grievances to arbitration if settlement negotiations did not occur. Despite the fact that settlement did not occur by November 30, 1995, none of the grievances were ever filed to arbitration. One year later the Union filed the complaint with the Board.
Thus, under City of New London, the Board properly concluded that the grievances had not been filed after a denial by the City on the merits. The Union argues that this failure should be excused because it continued to negotiate after the November 30, 1995, date and was successful in resolving the dispute in April 1997. Here, unlike other cases cited by the Board such as Town of Hamden, No 2575 (1987), the City had every right to believe that the Union had abandoned its grievances and to rely on its own interpretation of the contract as a result. The City's labor consultant testified that prior to the Union's filing of the prohibited practice charges, the City had informed the Union that the time to file the overtime grievances to arbitration had expired. (ROR, Item 7, Stenographic Transcript of Hearing on December 3, 1998, pp. 218-20.) The Union waited a year, then filed a complaint with the Board on the same issue already raised and abandoned in the grievance process.
The Board concedes that if evidence existed in the record that the Union and the City were actively negotiating over the grievances at the time that the filing was made to the Board, then the City of New London
case would have less applicability. The Board was correct, however, in concluding that the evidence in the record was insufficient on this issue.[2] Board of Education v. State Board of Labor Relations,190 Conn. 235, 243 (1983) (reciting the principles of "substantial evidence".)
The chairman of the Board in his dissent, and the Union in its brief, point to eventual resolution of the matter in April, 1997, as creating a presumption that negotiations must have been continuing. It was, however, within the bounds of the Board's discretion to attach to this evidence whatever relative weight it deemed appropriate. Domestic ViolenceServices of Greater New Haven, Inc. v. FOIC, supra. The Union has made no showing that failing to presume continued negotiations was an abuse of discretion. Griffin v. Muzio, 10 Conn. App. 90, 92, cert. denied,203 Conn. 805 (1987).
The Board's conclusion that the Step 2 grievance answer was res judicata to the same issues of contract interpretation raised in the prohibited practice complaint was correct. It is also apparent that the Union does not challenge the Board's application of any of the other elements of City of New London. (Plaintiffs Brief, p. 11.)[3]
Therefore, the appeal is dismissed. CT Page 13782
Henry S. Cohn, Judge