[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
This is an administrative appeal from a final decision of the defendant, Freedom of Information Commission ("FOIC"), brought pursuant to General Statutes §§ 1-206 (b)(1) and 4-183 (b), by the plaintiffs, Office of the Municipal Clerk, City of Hartford and the City of Hartford ("Hartford"), ordering Hartford to permit the defendant, Philip Peter Apter, to use a scanner to copy land records. The appeal of the FOIC order was timely filed, and after briefs were submitted, the court heard oral argument on November 28, 2000 and February 9, 2001.
The factual background is as follows. Apter, a title examiner, by letter dated June 1, 1999, filed a complaint with the FOIC alleging that while in the process of searching a title in the town clerk's office of Hartford, he was prohibited from using a hand-held scanner for the purpose of copying land records. (Return of Record ("ROR"), Item 1, p. 4.) Apter's complaint described the scanner as a completely self-contained, battery powered scanner about the size of a portable CD player that scans a page into its memory by moving the scanner across the page. (ROR, Item 1, p. 4.) When using the scanner, the land record books are not taken apart nor are the pages run through the scanner. (ROR, Item 1, p. 4.) No marks or impressions are left on the pages and the scanner causes no harm to the land record books. (ROR, Item 1, p. 4.) The scanner is battery-operated and does not interfere with the physical operation of the town clerk's office. (ROR. Item 1, p. 4.)
A contested hearing on the complaint was held before Hearing Officer Mary E. Schwind on August 3, 1999. The FOIC issued its notice of final decision on January 20, 2000 which ordered Hartford to permit Apter to use the scanner to copy the records that were at issue in this case. Hartford appealed this final decision of the FOIC to the Superior Court on March 2, 2000.
At the hearing, Apter reiterated the allegations of his complaint and added that there was no potential fire hazard by use of the scanner. He also testified that he was not in any way prohibited from inspecting the CT Page 4779 land records or using the town clerk's copy machine. He testified that there would indeed be a loss of revenue to Hartford but that his company would be required to spend $60,000 for the 1999 year on copies. He also testified that he knew of no law that would prohibit him from using the hand-held scanner.
Daniel M. Carey, the town and city clerk for Hartford, testified at the hearing that Apter had access to a copy machine in the town clerk's office at a charge of one dollar per page pursuant to the General Statutes. He further testified that he received a letter dated June 8, 1999 from the Public Records Administrator that the Connecticut town clerks could deny the use of copying devices such as hand-held scanners because they could be damaging to records. This communication was issued subsequent to the filing of Apter's complaint. Carey also testified that more than 50% of the copies being made by the copy machine at one dollar per page were made by similar customers. The attorney for Hartford, at the FOIC hearing, indicated that finances were not the issue and that Hartford's claim was that nothing under the Freedom of Information Act ("FOIA") requires public agencies permit the use of hand-held scanners to copy records.
In the report of the Hearing Officer dated December 6, 1999, she concluded that nothing in FOIA prohibits a public agency from permitting a requester to use a scanner to make copies of public records so long as there is no physical harm to public records. (ROR, Item 14, p. 49, ¶ 13.) She also concluded that the right to inspect public records as set forth in § 1-210 (a) of the General Statutes necessarily includes the right to hand copy said records and it followed that under the facts and circumstances of this case, this statute includes the right to make copies by using a scanner. (ROR, Item 14, p. 49, ¶ 14.) Finally, she concluded that in the absence of a specific determination of the Public Records Administrator that use of the scanner is harmful to public records Hartford violated § 1-210 (a) of the General Statutes. (ROR, Item 14, p. 49, ¶ 15.) She recommended that FOIC forthwith permit Apter to use the scanner to copy the records at issue. The report of the hearing officer was approved by order of the FOIC at its regular meeting of January 12, 2000.
Hartford is aggrieved and has standing to appeal. It has both a specific personal and legal interest in the management and use of its town clerk's office. This interest is injurious affect by the decision of the FOIC. Zoning Board of Appeals v. Freedom of Information Commission,198 Conn. 498, 502 (1986); Board of Pardons v. Freedom of InformationCommission, 210 Conn. 646, 649 (1989). Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Kelly v. Freedom of Information, 221 Conn. 300, CT Page 4780 308-09 (1992). Further, Hartford could sustain criminal or civil liability for a violation of any orders entered by FOIC. See StateLibrary v. Freedom of Information Commission, 240 Conn. 824, 834 (1997).
Hartford claims that the FOIC's interpretation of § 1-210 (a) of the General Statutes, as it applies to the right to make copies with a scanner and to use the scanner to copy records is erroneous and that the commission has exceeded its statutory authority and jurisdiction. No court has decided whether a person has a right to use a scanner to copy public records. Therefore, the court's review of the FOIC decision is plenary. Office of the Consumer Counsel v. Department of Public UtilityControl, 252 Conn. 115, 121 (2000); Biasetti v. Stamford, 250 Conn. 65,71 (1999).
The court reviews the issues raised by the plaintiff in accordance with the limited scope of judicial review afforded by the Uniform Administrative Procedure Act ("UAPA"). Dolgner v. Alander, 237 Conn. 272,280 (1996). "The scope of permissible review is governed by § 4-183
(j) and is very restricted. See Cos Cob Volunteer Fire Co. No. 1, Inc.v. Freedom of Information Commission, 212 Conn. 100, 104, 561 A.2d 429
(1989); New Haven v. Freedom of Information Commission, 205 Conn. 767,774, 535 A.2d 1297 (1988). . . . [T]he trial court may [not] retry the case or substitute its own judgment for that of the defendant. C HEnterprises, Inc. v. Commissioner of Motor Vehicles, 176 Conn. 11, 12,404 A.2d 864 (1978); DiBenedetto v. Commissioner of Motor Vehicles,168 Conn. 587, 589, 362 A.2d 840 (1975); see General Statutes § 4-183
(g). New Haven v. Freedom of Information Commission, supra, 773. The conclusion reached by the [agency] must be upheld if it is legally supported by the evidence. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the [agency], [the court] cannot disturb the conclusion reached by [the agency]. Hart Twin Volvo Corporation v.Commissioner of Motor Vehicles, 165 Conn. 42, 49, 327 A.2d 588. See PaulBailey's Inc. v. Kozlowski, 167 Conn. 493, 496-97, 356 A.2d 114 (1975).Lawrence v. Kozlowski, 171 Conn. 705, 708, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977). Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its orders, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Dolgner v. Alander, supra,237 Conn. 280-81." (Footnote omitted; internal quotation marks omitted.)Domestic Violence Services of Greater New Haven, Inc. v. FOIC,47 Conn. App. 466, 469-70 (1998).
Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from the correct application of CT Page 4781 the law to the facts found and could reasonably and logically follow from such facts. New Haven v. Freedom of Information Commission, 205 Conn. 767,774 (1988). Ordinarily, great deference is given to the construction given a statute by the agency charged with its enforcement. ConnecticutAssn. of Not-for-Profit Providers for the Aging v. Dept. of SocialServices, 244 Conn. 378, 389 (1998.)
The court's ultimate duty is to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. Griffin Hospital v. Commission on Hospitalsand Health Care, 200 Conn. 489 (1986). However, enticing Apter's claim may be and at first impression it would appear to be within the contemplated spirit of FOIA, the FOIC interpretation of § 1-210 (a) is erroneous and in excess its statutory authority and jurisdiction. The court must interpret § 1-210 (a), which provides in relevant part as follows:
 Except as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records in accordance with the provisions of section 1-212.
(Emphasis added.)
General Statutes § 1-212 (a) provides that: "Any person applying in writing shall receive, promptly upon request, a plain or certified copy of any public record."
Pursuant to § 1-1 (a), the construction of statutes shall be construed according to the commonly approved usage of the language. Statutes must be construed as they are written and the court cannot by construction read into them provisions that are not clearly stated.Miniter v. Zoning Board of Appeals, 20 Conn. App. 302, 306 (1999). "When the words of a statute are plain and unambiguous, we need look no further for interpretive guidance because we assume that the words themselves express the intention of the legislature. . . ." (Internal quotation marks omitted.) Southington v. State Board of Labor Relations,210 Conn. 549, 559 (1989).
The decision in this case must rest on the meaning of the word "inspect" as used in § 1-210 (a) of the General Statutes. "Inspect" CT Page 4782 is not defined in FOIA. See General Statutes § 1-200. Webster's Dictionary defines the word "inspect" as: (1) to examine in detail, especially for flaws; (2) to review or examine officially. Webster's Second New College Dictionary (1995). The dictionary definition of the word "inspect" does not includes the act of copying or electronically scanning the subject of the inspection. "Inspect" does not include the act of copying.
Had the legislature intended the public to copy records with a scanner, the legislature would have said that the public had the right to inspect and copy public records. Rather, the legislature provided the public with the right to inspect a public record or receive a copy in accordance with § 1-212 (a). The court finds the words used in the statutes are clear and unambiguous and not susceptible to any other interpretation.
An administrative agency can act only within the bounds of authority granted to it by its enabling statute and within constitutional limitations. Klug v. Inland Wetlands Commission, 30 Conn. App. 85, 93
(1993). When an agency exceeds it statutory authority, its actions are void. See Id.; General Statutes § 4-183 (j). General Statutes §1-210 (a) provides in part that every person shall have the right to inspect records or receive a copy of such records. The definition of "inspect" clearly does not include copying or electronic scanning. "Inspect" means to examine in detail or to review or examine officially. Webster's Second New College Dictionary (1995). "Inspect" does not include the action of copying a document and the terms "inspect" and "copy" are obviously not synonymous. Use of different terms within the same sentence of a statute plainly implies there is a different meaning intended by the legislature. Office of Consumer Counsel v. Dept. ofPublic Utility Control, supra, 252 Conn. 122. The court finds that the FOIC's conclusion that the right to inspect records includes the right to make copies of same is in contravention of the clear language of the statute.
It is not the function of an agency or this court to substitute its own ideas of what might be a wise provision in the place of a clear expression of legislative will. Dental Commission v. Tru Fit Plastics,Inc., 159 Conn. 362, 365 (1970). In the present case, the FOIC has by decision attempted to alter the statute it is charged with enforcing.
An examination of the cases cited by both parties from other jurisdictions are helpful but are subject to comparison with statutes that are dissimilar to § 1-212 (a).
Based on the foregoing, the plaintiffs' appeal is sustained and the CT Page 4783 FOIC's decision is vacated. Pursuant to General Statutes § 4-183
(k), the agency is directed to dismiss the underlying FOIC complaint filed by Apter.
OWENS, J.